(85 App. Div. 231.)

### PLATT v. HOLLANDS et al.

(Supreme Court, Appellate Division, Third Department.   June 30, 1903.)

1. CONTRACT FOR SERVICES—PRESUMPTION OF GRATUITY—REBUTTING EVIDENCE —REFUSAL TO CHARGE.
   In an action against an administrator to recover for services performed as housekeeper, nurse, and companion to decedent, an aged and infirm relative of plaintiff, it was error to refuse to charge that in order to recover plaintiff must rebut the presumption, arising from near relationship, that such services were gratuitous, by convincing and satisfactory evidence of an agreement to compensate.

2. SAME—EVIDENCE OF VALUE—HEARSAY—DECLARATION OF PHYSICIAN.
   On the issue of value of plaintiff's services as a nurse, testimony of declarations of a doctor as to their difficulty, which were not distinctly shown to have been made to the employer, and to which he made no reply, was hearsay and inadmissible, though the declarations were made in the plaintiff's presence.

3. SAME—MEASURE OF DAMAGES—CIRCUMSTANCES OF EMPLOYER.
   In an action against an administrator for services rendered decedent as housekeeper, nurse, and companion, it was error to charge that the jury might consider, in measuring the damages, the financial circumstances of deceased, and that a man having large financial interests should pay more liberally for such services than a poorer man would.

Appeal from Trial Term.

Action by Minnie E. W. Platt against William Hollands and Elizabeth Thomas, as administrators of .the goods, chattels, and credits of John I. Winne, deceased.   From a judgment for plaintiff, and from an order denying a new trial, defendants appeal.   Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Buchanan, Lawyer & Whalen (George Lawyer, of counsel), for appellants.

Chester G. Wager (John B. Holmes, of counsel), for respondent.

PARKER, P. J.   This action is brought to recover against his estate, for services rendered by the plaintiff to John I. Winne during

his lifetime. The services commenced in May, 1895, and were continued until his death, in February, 1900. He was then 87 years of age, and the plaintiff was his grandniece, and a young girl about 19 years of age when she began to work for him. Her parents were both dead, and she was employed in a collar manufactory. At his request she left such employment and went into his family, where the services were rendered. In the claim which she made against his estate, and in the complaint in this action, she charges that such services were rendered as his "housekeeper, secretary, companion, and in nursing and caring for him." Evidence was given upon the trial showing that she did render services, during the time she was with him, in each of such characters; and it is also apparent that he, during all of that time, treated her as a member of his family and as a relation. He was then living alone without wife or child, and the plaintiff presided at his table, entertained his guests, was, during a portion of the time after she first went there, sent to school by him, and seems to have taken the place of a daughter instead of acting as a mere servant. She undoubtedly expected to be compensated for the services which she rendered by a provision in his will. He made no will, however, and one of the issues litigated upon the trial was whether any direct promise had been made by the deceased to compensate her for the same. It was the contention of the administrators that, being a relative living in his family, the legal presumption was that such services were rendered gratuitously. Evidence had been given by a Mrs. Mitchell tending to show that the deceased had directly promised the plaintiff that when he died he would leave her enough so that she would not have to work thereafter. Criticism had been made by the defendants upon the accuracy and truthfulness of this evidence, and as bearing upon that question the court was asked to charge the jury that it was necessary for the plaintiff to rebut such presumption by a preponderance of evidence, that is convincing and satisfactory, of an agreement to compensate, before she can be entitled to recover. The court replied: "I decline so to charge in this case, because I do not think the proposition of law applies to the evidence in this case." I can discover nothing in this case that withdraws it from the application of that well-settled rule. 15 Am. & Eng. Ency. of Law (2d Ed.) p. 1083. The refusal was clearly calculated to mislead the jury into the belief that the evidence need not necessarily be of that character, or else it amounted to an instruction that it was sufficient. For such reason it was error.

The plaintiff was seeking to recover on a quantum meruit, and one of the issues presented to the jury was as to what the services were fairly worth. Much evidence was given to show how constant and severe they were, and she claimed that her health had been injured on that account. When Mrs. Mitchell was testifying as to what services she had seen the plaintiff render, she was asked what she had heard Dr. Holden say on one occasion when he was there prescribing for the deceased. She replied that "he said Mr. Winne ought to have a man nurse to take care of him; it was too much for one girl to do such work; it was injurious to her health and too hard for her." This evidence was received under the defendants' objection

and exception, and a motion to strike it out was also denied and exception taken thereto. The proper and usual way to present to the jury Dr. Holden's views upon that subject would have been to produce him as a witness before them. This evidence tells the jury what he said about it. It does not distinctly appear that it was said to the deceased, or that he heard what was said. Certainly, it is not pretended that he made any reply to it. And even though it was made in the plaintiff's presence, upon which fact the court laid stress, it amounts to nothing more than the declaration of the doctor, and its admission violated the familiar rule that mere hearsay evidence is not admissible.

Upon the trial the plaintiff introduced in evidence, under the defendants' objection and exception, the inventory of the deceased's personal estate, which had been filed in the surrogate's office, showing that it amounted to something over $20,000. It was also shown that he had a considerable amount of real estate. In his charge the trial judge instructed the jury as follows:

"And you have a right to take into consideration in measuring these damages the circumstances of the deceased—that is, the amount of property which he owned; his financial condition—because a man having large financial interests, banking interests, real estate, tenement houses, and mortgages should pay more reasonably and liberally for services of this kind than a poorer person would. You have a right to take into consideration those facts in making up your minds how much money she is entitled to, if she is entitled to anything."

To which an exception was duly taken. The respondent attempts to justify this charge by the case of Gall v. Gall, 27 App. Div. 173, 50 N. Y. Supp. 653. But in that case the services were rendered as a confidential agent and personal and business representative, and it was held that the extent and nature of the business which the plaintiff was required to manage was an important factor in determining the value of his services, and the evidence was admitted for that purpose only. In this case the plaintiff does not appear as any such business manager. She does not claim it in her complaint, and, although in the evidence there is an effort made to show that her services extended somewhat into that department, it can hardly be claimed that in addition to her duties as housekeeper, secretary, and nurse she also took charge of and had the responsibility of a manager and general representative of all of the deceased's business affairs. The services for which compensation is here sought are not at all like those rendered in Gall v. Gall, and hence that case is not at all an authority for the charge herein given. Moreover, the charge does not purport to be given to meet any such case. It plainly instructs the jury that a man of large wealth should pay more reasonably and liberally for services as housekeeper, as a nurse, and as secretary and companion, than a poor man should. We can hardly sustain such a proposition as that. Without examining the other exceptions in the case, I conclude that, for the reasons above stated, the judgment and order must be reversed.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur.