(27 App. Div. 173.)

## GALL v. GALL.

(Supreme Court, Appellate Division, First Department. March 25, 1898.)

1. CLAIMS AGAINST DECEDENT—SERVICES RENDERED.

Where services are rendered by one person to another, in pursuance of a mutual understanding between the parties that compensation for them shall be made by will, and the party receiving the services dies without making the expected compensation, the party rendering the services is entitled to compensation out of the estate of the deceased, as a creditor, for the value of the services.

2. SAME—REVOCATION OF WILL.

This principle is applicable where the employer executes a will providing for the agreed compensation, which is revoked by his subsequent marriage and birth of issue.

3. SAME—MEASURE OF COMPENSATION.

In estimating the value of services in such cases, it is permissible to show the position and standing of the parties; and, where the services in question consisted in the care or management of the decedent's property, the amount of the property owned by him bears directly upon the nature and importance of such services.

4. EXPERT EVIDENCE.

In an action upon a quantum meruit for services rendered to an intestate, for which he had agreed, but had failed, to make compensation by his will, it appeared that the services consisted in acting as decedent's companion, confidential adviser, agent, and personal and business representative. One of plaintiff's witnesses who testified as experts in answer to a comprehensive hypothetical question, as to the value of the services rendered, testified that during 24 years of business life he had employed confidential men and general agents; and the other testified that he himself had been a private secretary and confidential man for 10 years; that he knew other men similarly employed, and their compensation; and described the work generally performed by such men. Held, that these witnesses were sufficiently qualified.

5. SAME.

The question as to admissibility of expert testimony must depend largely, if not entirely, upon the circumstances of each particular case; and where it is apparent, not only that no injustice has been done, but that the exigencies of the case seem to warrant or require the admission of such testimony for a proper and satisfactory presentation of the facts to the jury, such admission is not error.

Appeal from trial term.

Action by Charles F. Gall against Amelia Gall, as administratrix of Joseph Gall, deceased. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

The action is upon a quantum meruit for services rendered to Joseph Gall, the defendant's intestate, between the months of January, 1882, and May, 1886.

It was shown, without substantial dispute, that the plaintiff, at the request of Joseph Gall, who was his uncle, came from San Francisco to New York, in January, 1882, abandoning a valuable business in the former city; and that from the time of his arrival here, until the death of Mr. Joseph Gall, in May, 1886, he acted as the latter's companion, confidential adviser, agent, and personal and business representative. The decedent recognized his nephew's services in these capacities as exceedingly valuable. He stated to various persons that he intended to reward the plaintiff amply; that, if he had fifty or sixty thousand dollars, it would not be enough to remunerate Charles for the services which he was rendering him; that Charles, in coming to him, had given up a business in San' Francisco, in which he was making from five to seven thousand dollars per annum; that full compensation for his services would be made; and, in fact, that he intended to leave the plaintiff his entire estate. Mr. Joseph Gall died in May, 1886. He left a will, giving the greater part of his property to the plaintiff. Probate was, however, refused, upon the ground that the will was revoked by the decedent's marriage to the defendant, Amelia Gall, after its execution, and by the birth of a child—the fruit of the marriage—after his death. The plaintiff thereupon brought suit for the specific performance of the decedent's agreement to leave him substantially the whole of his estate. The complaint in that action was dismissed upon the merits, on the ground that such a contract could not be enforced. Gall v. Gall, 64 Hun, 600, 19 N. Y. Supp. 332, affirmed 138 N. Y. 675, 34 N. E. 515. The plaintiff then instituted the present action. Upon the first trial, the complaint was dismissed, on the ground that the judgment in the specific performance action was a bar. This ruling was reversed by this court (17 App. Div. 312, 45 N. Y. Supp. 248); and we held that, notwithstanding the dismissal of the complaint in the former action, the present action might be maintained. Upon the second trial, now under review, the jury awarded the plaintiff $12,000, which, with interest, gave him a verdict of $20,200.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

A. Sims, Jr., for appellant.

Ira Leo Bamberger, for respondent.

BARRETT, J. It is the settled rule in this state that where services are rendered by one person to another, in pursuance of a mutual understanding between the parties that compensation for them shall be made by will, and the party receiving the services dies without making the expected compensation, the party rendering the services is entitled to compensation out of the estate of the deceased, as a creditor, for the value of the services. Robinson v. Raynor, 28 N. Y. 494. The present case is clearly within this rule. The services here were not rendered by the plaintiff gratuitously, nor in the mere hope of a legacy. They were rendered upon the distinct understanding of both parties that compensation should be made therefor, and that the plaintiff should be fully rewarded. Indeed, the decedent attempted to fulfill this obligation, as is clearly evidenced by his will. In that respect, however, he failed; and the result is that he has not fulfilled his clearly implied promise to adequately compensate and reward the plaintiff. "It is not material," as was said in Robinson v. Raynor, supra, "whether the failure to make compensation (where there was the understanding that it should be made) arose from accident or design." The same principle was enunciated in McRae v. McRae, 3 Bradf. 199. Referring to a promise to pay for work by testamentary provision, Surrogate Bradford said:

"It would be a piece of gross injustice to deprive a party who had been promised compensation in that way of all remedy, and it makes no difference whether

the remuneration is prevented as contemplated, by accident or design. In either case there has been a failure to pay."

In the present case the deceased attempted to comply with his agreement, but failed, owing probably to ignorance. The legal effect of what he did, and of what he failed to do, was that no efficient testamentary provision was made; and, consequently, there has been a complete failure to comply with his obligation.

As to the verdict, we can only say that it was supported by ample evidence of the services rendered and sufficient evidence of their value. The amount awarded was reasonable, and was arrived at under a careful charge by the learned trial justice, to which no exception is taken. The verdict gives the plaintiff but about $3,000 per annum, although the decedent himself admitted that his nephew, in coming to him, had abandoned a business worth at least $5,000 per annum.

The defendant asks for a new trial, principally because of the admission of certain testimony to which she objected. These objections embrace declarations made by the decedent as to the plaintiff's change of name, as to his business position in San Francisco prior to his coming to New York, and to his (the decedent's) opinion of the value of the plaintiff's services. The defendant also contends that it was error to admit in evidence Mr. Joseph Gall's will and a statement of the property which he left. We think, however, that all this evidence was properly admitted. In estimating the value of services in this class of cases, it has always been permitted to show the position and standing of the parties. The value of the plaintiff's services depended in a great measure upon the peculiar circumstances under which they were rendered. The amount of property owned by the decedent bore directly upon the nature and importance of such services; and the estimate placed by the decedent upon them was certainly competent. All the facts attendant upon the rendition of these services were proper for the consideration of the jury. No reason or authority for their exclusion is given; and the appellant's position with regard thereto is clearly not well taken.

The admission of certain expert testimony requires a little more consideration. A hypothetical question was put to two witnesses, which embraced, in the form of assumptions, substantially all the concrete facts proved in the case. Upon these assumptions, the witnesses were asked to give their opinions as to the reasonable value of the services. The defendant objected to the question upon the following grounds only:

"First, that he [the witness] has not shown any qualifications to answer the question; second, that it was not such work, labor, and services as calls for or permits the value to be ascertained by expert testimony; and, third, that it states facts not proven."

The last ground is clearly untenable, as we find in the record evidence tending to show each fact embraced within the question.

As to the first ground, one of these witnesses testified that, at different times during a business career of some 24 years, he had employed confidential men and agents under general powers of attorney. The other witness testified that he himself had been a private secretary and confidential man for 10 years; that he knew other men

similarly employed; and that he knew what they received for their work. He described the work which such men generally perform, namely, consulting with their principals, attending to their principal's banking business, credits, and insurance, going about to see their principal's customers, fixing wages, and talking over the general affairs of the principal's business. We think these witnesses were thus sufficiently qualified to speak upon the general subject of the services of confidential agents and the value of such services.

The more important ground of objection is the second. But we think that even that ground is sufficiently answered by the rule with regard to expert testimony in exceptional cases, which was laid down in Edgecomb v. Buckhout, 146 N. Y. 332, 40 N. E. 991. The present case is analogous to that, in its peculiar and exceptional character. It would, of course, be impossible to find any person who had rendered, or employed a person to render, precisely the same services as those rendered by the plaintiff to his uncle. The best that could be done in such a case would be to call those who were acquainted with services of a somewhat similar character and with their value. As was said by Judge Peckham in the case last cited:

"Probably, it would be impossible to show the value of these services by any individual who had herself performed precisely the same kind of services for another individual situated exactly as was the deceased, and in substantially the same neighborhood. Obviously, all that the plaintiff could do in order to show the value of her services was to call those persons who had been engaged in the hiring of individuals to do the same class of services in some respects, although not to the same extent, or precisely of the same character, as those which were performed by the plaintiff. * * * It was, as we have said, the best that the situation permitted the plaintiff to do,—in other words, the best evidence that the nature of the case afforded; and therefore it was not incompetent because it left the value of the plaintiff's services as actually rendered somewhat indefinite and vague."

Substantially the same rule was laid down in Heffron v. Brown, 155 Ill. 322, 40 N. E. 583; Fowler v. Fowler (Mich.) 70 N. W. 336; Storms v. Lemon, 7 Ind. App. 435, 34 N. E. 644; and Chamness v. Chamness, 53 Ind. 301. In some of these cases, even the plaintiff was allowed, under the stress of somewhat similar circumstances, to give his or her own opinion, in a very general way, as to the value of the services rendered; and the action of the court of first instance in permitting this was not deemed reversible error. We think the reasonable rule which should govern an appellate court in considering the effect of the admissibility of such testimony is well stated in State v. Hendel (Idaho) 35 Pac. 839, as follows:

"The question as to admissibility of expert testimony must depend, largely, if not entirely, upon the circumstances of each particular case; and where it is apparent, not only that no injustice had been done, and that the exigencies of the case seem to warrant or require the admission of such testimony for a proper and satisfactory presentation of the facts to the jury, such admission is not error."

The same view is suggested by Judge Earl's criticism of a question which introduced expert testimony, in O'Neil v. Railroad Co., 129 N. Y. 129, 29 N. E. 84. After criticising the question there under consideration, he said:

"Yet we cannot say that the expert witness did not know more about the subject of injury than ordinary jurors can generally be supposed to know. The question was barely competent, and probably was not harmful; and the judgment should not therefore be reversed because the judge allowed it to be answered."

We think that the appellant's counsel misapprehends the hypothetical question when he insists that the witnesses should have at least been limited, even under the rule laid down in the Buckhout Case, to their peculiar knowledge of the value of the plaintiff's services as a private secretary, and that they were not qualified to testify "to the value to plaintiff of being induced to leave his home, change his name, read to his uncle, sit up with him," and so on. The hypothetical question does not call for the opinion of the witnesses as to the value of each of these separately specified acts. All the attendant circumstances were embraced within the assumptions, not for the purpose of asking an opinion as to each separate matter so assumed, but for the purpose of illustrating, in a general way, the services as to which an opinion was sought, namely, the services rendered by the plaintiff as his uncle's confidential agent. Counsel had a right to indicate to the witnesses just what kind of a confidential agent the plaintiff was; and all the attendant circumstances were a proper preface to the main assumptions as to such services. The witnesses knew the value of the services of a confidential agent under other circumstances, partly similar and partly varying, but of the same general character. It certainly was no harm to call their attention to the exceptional circumstances of the present case, and to permit them to apply their general experience thereto so far as the variation from more familiar circumstances would permit. It is quite evident, however, that the jury did not treat this testimony as controlling, or even as especially valuable. The witnesses in question estimated the plaintiff's services at about twice as much as the jury did. It may fairly be presumed, therefore, that the jury took all the testimony, and weighed it in a moderate and conservative way, and that this expert testimony furnished but a slight basis for their just estimate of what, upon the whole, was a reasonable allowance. We do not think that the admission of this testimony was reversible error. The situation was a difficult one. The exigencies of the case afforded reasonable ground for the trial justice's action; and it is apparent that no injustice resulted therefrom.

As to the costs, it is sufficient to say that the trial justice, upon evidence which was satisfactory to him, made the certificate required by section 1836 of the Code of Civil Procedure. This certificate was subsequently amended upon affidavits which the appellant has not chosen to present to us. We cannot say, therefore, that this amended certificate was unwarranted. The defendant is concluded thereby upon the question of costs. Having properly awarded costs under section 1836, it was within the discretion of the trial justice, in a difficult and extraordinary case, to grant an extra allowance. This was clearly such a case, and that discretion was fairly exercised.

The judgment and order denying the defendant's motion for a new trial should therefore be affirmed, with costs. All concur.