Argued January 12, affirmed February 23, 1956

# BAKER *v.* THE FIRST NATIONAL BANK
293 P. 2d 742

*Howard P. Arnest,* Portland, argued the cause for appellant. With him on the briefs was Clarence A. Beckman, Portland.

*Norman L. Easley* argued the cause for respondent. On the brief were E. R. Robnett, Portland, and Easley & Whipple, Portland.

Before WARNER, Chief Justice, and ROSSMAN, LATOURETTE and PERRY, Justices.

PERRY, J.

The plaintiff filed the following claim with the defendant administrator for services rendered Robert T. Brennan, deceased, during his lifetime:

"To lodging and use of garage, preparing meals, laundering, general household duties, October, 1924, to September 12, 1951, and caring for decedent during his illness in the past year, all of the reasonable value of ------------------------------------------------------------$14,535.00

"Less the present value of a $1000.00 United States Savings Bond purchased by decedent in February 1947 and made payable to me upon his death, which I have not yet received but expect to receive upon presentation to the Executor of my receipt for the same -------------------------------------------- 810.00

"Balance due --------------------------------------$13,725.00"

The claim was duly verified by the plaintiff, the material part of the verification being as follows:

"I, Evelyn T. Baker, being first duly sworn, depose and say that the Estate of Robert T. Brennan, deceased, is indebted to me upon an account for lodging and services furnished to the said deceased at the instance and request of the deceased, and that I have personal knowledge of the same; that an itemized account of said claim is hereto attached and there is justly due thereon to me the sum of $13,725.00; that no payments have been made on said account except as stated in said statement and that there is no just counter-claim to the same to my knowledge."

The plaintiff's claim was rejected by the administrator and she commenced suit in the circuit court, the complaint alleging in part as follows:

"III.

"* * * That on or about October, 1924, the said Robert T. Brennan at his own special instance and request rented a room in plaintiff's house; that plaintiff, at the special instance and request of said decedent, furnished him lodging and the use of a garage, prepared his meals, did his laundering, performed general household duties, and took care of, nursed and attended the said Robert T. Brennan whenever ill, including his last illness; that said lodging and services were continuously performed from October, 1924 to September 12, 1951, or a total of 323 322 months, for which said lodging and services the said Robert T. Brennan promised and agreed to pay the plaintiff a reasonable value therefor.

"IV.

"That $14,535.00 $14,490.00 is a reasonable sum to be allowed to this plaintiff for said lodgings and services against the estate of said Robert T. Brennan; * * *"

The evidence in this case discloses without question that the plaintiff performed services and furnished board and lodging to the deceased Robert T. Brennan. The evidence also discloses that the plaintiff was not related by blood or marriage to the deceased. The defendant sought to prove that the services rendered by the plaintiff were rendered gratuitously, basing this claim upon the proposition that the plaintiff and the deceased were fond of each other prior to his moving into the home owned and occupied by the plaintiff; that upon his moving into the home of the plaintiff the parties thereby created a family relationship in that, as between themselves, they considered themselves to be husband and wife, and thus the services rendered were such as a wife would render a husband.

The existence of a relationship such as was contended for by the defendant was denied by the plaintiff. This raised an issue of fact, which was determined by a jury adversely to the defendant, and the finding by the jury is binding upon this court.

From an adjudication favorable to the plaintiff the defendant has appealed.

The defendant contends error was committed by the trial court "at the commencement of plaintiff's testimony, in denying defendant's motion to require plaintiff to elect whether she was proceeding on an express or implied contract" in this action. The defendant then states that "the complaint alleges an express contract, and although testimony of plaintiff as to an express contract was received, the claim was on an implied contract basis."

From these statements the defendant draws the

following conclusions: (1) that there is a fatal variance between the claim as presented and the claim sued upon; and (2) that the trial court erred in admitting certain testimony which defendant construes as "an agreement to make a will."

The defendant's statement, that the complaint states a cause of action upon an express contract, is drawn from the use of the following words contained in the complaint: "Robert T. Brennan promised and agreed to pay the plaintiff a reasonable value therefor."

The use of the words "promised and agreed to pay the plaintiff a reasonable value therefor" are in form an allegation usually employed in actions upon an implied contract. *Hiller v. Smith,* 171 Or 428, 435, 137 P2d 828.

■ In our opinion, the words as here used express no more than a statement that there was an understanding that the plaintiff's services were not gratuitous, but that she was to be compensated.

In any event, there is no variance in substance between the claim as filed and the complaint; each claim of right is based upon a contract. The distinction between an express contract and an implied contract is not one of legal effect, but only in the mode of assent or proof. *Rose v. Wollenberg,* 36 Or 154, 158, 59 P 190.

■ The defendant's contention, that the admission of evidence which tended to show an agreement to make a will devising and bequeathing property to the plaintiff as payment for her services was error, is untenable.

This court in *In re Estate of T. A. Stoll,* 188 Or 682, 214 P2d 345, 217 P2d 595, adopted a rule of

law recognized in many jurisdictions. At pages 695-696 we said:

"* * * even if there was no express contract, nevertheless, if there was an expectation of payment on the part of the person who rendered the services, although he supposed that such compensation would be made by a provision in the will of the recipient, and if the evidence showed that the recipient recognized his obligation in the premises by stating to others that he expected to make full compensation therefor, then, on the death of the recipient without having made payment in any manner, the person who performed the services may recover by action in *quantum meruit* against the recipient's estate. Gall v. Gall, 27 App. Div. 173, 50 N.Y.S. 563; Robinson v. Raynor, 28 N.Y. 494; Shakespeare v. Markham, 10 Hun. (N.Y.) 311, affirmed 72 N.Y. 400; Miller v. Lash 85 N.C. 51, 39 Am. Rep. 678."

■ It is also well-established that where the contract is fully executed by one party and nothing remains but the payment of money, the one who has performed may declare upon the common courts in assumpsit, relying upon the express contract as evidence. *Wagner v. Savage, as Adm'r.*, 195 Or 128, 244 P2d 161.

■■ The defendant also contends there is no evidence to corroborate the plaintiff's contention that she was to be paid for her services rendered. Aside from the presumption of payment to be made, that arises from the proof that the services were rendered, which fact was substantiated by many witnesses, the plaintiff introduced into evidence two writings, admittedly drafted and signed by the deceased, providing that the plaintiff should share in his estate. While the writings were not in due form so as to be admissible for probate as wills of the deceased, they, nevertheless, corroborate

plaintiff's statement of an agreement that she was to be compensated for the services rendered to him.

The defendant also assigns as error many rulings of the trial court in the admission of evidence, and also assigns error in instructions given and refused.

We have carefully considered each assignment of error, but we find no error that would justify a reversal of this cause.

The judgment is affirmed.