Submitted on record December 6, reversed and remanded July 5, 1978

# RAM DEVELOPMENT CORPORATION, *Appellant,*
## *v.*
# SIUSLAW ENTERPRISES, INC. et al, *Respondents.*
## (TC 76-1309, SC 25029)
580 P2d 552

Herb Lombard, of Sahlstrom & Lombard, Eugene, filed a brief for appellant.

No appearance by respondents.

LENT, J.

---

Holman, J., did not participate in the decision of this case.

[ 14 ]

**LENT, J.**

In this action, *ex contractu,* plaintiff seeks money from Siuslaw Enterprises, Inc. (hereinafter defendant Siuslaw) and William Phillips (hereinafter defendant Phillips), principal shareholder in defendant Siuslaw. The case was tried to the court without a jury on certain documentary exhibits and stipulated facts. Plaintiff appeals from a judgment for defendants.

Plaintiff's complaint incorporated by reference an agreement between plaintiff and defendant Siuslaw the validity of which the defendants admitted. The agreement requires defendant Siuslaw to assume a debt then existing owed by the plaintiff to another. Plaintiff and defendants stipulated to the facts that (1) plaintiff paid $32,000 to the creditor on the debt by which payment the debt was extinguished, and (2) neither defendant had made any payment to either plaintiff or the creditor upon said debt. The issue, apparently decided by the trial court against the plaintiff, is whether under the circumstances plaintiff is entitled to recover the amount it paid to extinguish the debt from defendant Siuslaw. We resolve this issue in favor of the plaintiff and reverse.

Plaintiff is an Oregon corporation which, prior to June 18, 1974, owned certain improvements on property located at 1436 Bay Street, Florence, Oregon, known as The Cannery, which plaintiff operated as a restaurant and tavern. The real property was owned by the Port of Siuslaw, which in turn leased it to the plaintiff for the term of 20 years, ending June 15, 1990.

On February 27, 1973, plaintiff executed a promissory note in favor of Western Bank for $45,000 plus interest at 9% per annum. It appears that plaintiff also executed an assignment of the lease as security and other security agreements to secure the note. Plaintiff did not make any payments on this note, and on July 3, 1973, the bank filed an action on the note against

plaintiff and individual guarantors of the note who were plaintiff's principal shareholders. Plaintiff generally denied the substantive allegations of the bank's complaint and pleaded an affirmative defense of accord and satisfaction based on plaintiff's assignment of the lease to the bank and the bank's taking of physical control of plaintiff's assets and property.

On June 18, 1974, plaintiff and defendant Siuslaw executed a document entitled "Sale and Assignment" by which plaintiff sold The Cannery improvements and assigned the lease to defendant Siuslaw. Defendant Siuslaw (named as "Second Party") agreed, with respect to plaintiff's obligation to the bank, as follows:

"1. For and in consideration of the assumption by Second Party of a loan evidenced by promissory note held by Western Bank, Florence, Oregon, in the sum of Forty-five Thousand Dollars ($45,000) together with accrued interest in the sum of $4,100.00, said loan being presently in default and an action pending between said Western Bank and First Party in the Circuit Court of Lane County, Oregon, for said sum; Second Party shall use its best efforts to reestablish said loan obligation and further agrees to commence making payments on same at a rate and term acceptable to Western Bank; in the event a judgment is taken against First Party by Western Bank as a result of the pending litigation and levy is made upon First Party and its stockholders personally Second Party agrees to pay to First Party or its stockholders at the same rate as the initial loan between First Party and Western Bank any sums said parties are forced by said levy to pay to Western Bank;

"(a) First Party does hereby sell, transfer, and set over unto Second Party that certain building located at 1436 Bay Street, Florence, Oregon, heretofore known and operated under the name and style of The Cannery and all the fixtures, equipment, and miscellaneous personal property located therein;

"(b) First Party does hereby sell, assign, transfer, and set over unto Second Party all their right, title, and interest in and to that certain lease wherein the Port of Siuslaw, a municipal corporation, is named as Lessor,

[ 16 ]

and First Party herein, named as Lessee, which covers the dock facility upon which the hereinabove described building is situate, said lease being dated the 15th day of June, 1970, for a term of twenty (20) years payable at the rate of Three Hundred Dollars ($300) per month, said lease being in good standing with all obligations of Lessee thereunder being hereby assumed by Second Party which agrees to save and hold harmless First Party on Account thereof.

"\* \* \* \* \*"

On July 8, 1974, plaintiff and its principal shareholders individually executed a document entitled "Supplemental Agreement" with defendant Siuslaw and its principal shareholders individually, one of whom was defendant Phillips. This is a confusing document. It purports to bind defendant Phillips to perfrom the terms and duties of defendant Siuslaw under the prior Sale and Assignment as "personal guarantors." In addition, it purports to bind defendant Phillips "to become co-signers and co-debtors" with plaintiff's principal shareholders on the note to the bank for one-sixth of the face value thereof (plus accrued interest, court costs and attorney fees). The Supplemental Agreement states that it is "the intent of the parties that they will all become equally liable for said indebtedness in the event that Aiuslaw [sic] Enterprises, Inc., fails to pay the same as it becomes due."

On December 3, 1975, plaintiff and the bank settled their case, and the bank executed a release and termination of its assignment of the lease from the plaintiff in consideration of $32,000 to be paid by plaintiff. The $32,000 was subsequently paid, and the action on the note was dismissed with prejudice on March 12, 1976. Plaintiff demanded reimbursement of the $32,000 compromise from defendants pursuant to the Sale and Assignment and Supplemental Agreement. Defendants refused, and plaintiff filed the present action to recover the $32,000 it paid to the bank.

Plaintiff asserts two assignments of error on appeal:[1] (1) failure of the trial court to award it $32,000 in damages against defendant Siuslaw, and (2) failure of the trial court to award it $32,000 in damages against defendant Phillips or, in the alternative, to award it $5,333.34 (one-sixth of $32,000) against defendant Phillips.

■ The defendants did not file a brief in this court, and plaintiff waived oral argument. With the case in this posture, we can only speculate on defendants' position.[2] From the trial file and transcript and from the tenor of plaintiff's brief, we infer defendants did assert that a condition precedent to defendant Siuslaw's duty to repay plaintiff the $32,000 it paid in satisfaction of its debt to Western Bank is a judgment and levy in the note litigation. Plaintiff argues "substantial compliance." Were this the only avenue available to plaintiff, we would not hesitate to affirm, since it is hornbook law that strict and literal, rather than "substantial," compliance is required of express conditions. 5 Williston on Contracts § 675 (1961). Plaintiff, however, is entitled to recover on a promise implied in law based on the allegations of his complaint and the facts stipulated at trial.

■ Our first inquiry must be whether such a quasi-contractual recovery is available when an express contract exists. While the general rule is that the law will not imply a promise when an express promise exists, a well-recognized exception to that rule is that

---

[1] Plaintiffs do not point to any erroneous ruling of the trial court upon a motion or objection. This case was tried prior to publication of the report of this court's decision in *Hendrix v. McKee,* 281 Or 123, 575 P2d 134 (1978). *See* footnote 2, 281 Or at 125, 575 P2d at 135.

[2] This court is not comfortable in the role of devil's advocate. Our system of justice, based as it is on the adversary concept, is predicated upon each side of a controversy submitting his case, in its best light, to the arbiter of law and fact. When one side's presentation is poor, the arbiter's task becomes all the more difficult, and justice, as a result, suffers. When one side makes no presentation at all, the court is placed in the somewhat difficult position of first constructing, then critically evaluating and finally passing judgment on the arguments supporting that side of the controversy.

"* * * where a contract has been fully performed by one party, and nothing remains to be done but the payment of money by the other, the party who has performed his part of the contract may sue for and recover the amount due under the common counts in *assumpsit,* using the contract as evidence * * *." *Sharp v. McCargar et al,* 114 Or 435, 442, 236 P 262 (1925). *See also Baker v. The First National Bank,* 206 Or 434, 439, 293 P2d 742 (1956); *Wagner v. Savage, as Adm'r,* 195 Or 128, 145, 244 P2d 161 (1952); *Sinnock v. Zimmerman,* 132 Or 137, 145, 284 P 838 (1930).

By the "Sale and Assignment" defendant assumed the debt in question.

Moreover, under settled principles of restitution plaintiff is entitled to recover. In *Salmon R.-G. R. Hwy. Imp. Dist. v. Scott,* 145 Or 121, 125-126, 27 P2d 183 (1933), we stated:

"* * * Assumption of indebtedness, in the ordinary acceptation of the words, means for one person to bind himself to pay the debt incurred by another * * *."

Thus, as between plaintiff and defendant Siuslaw, the latter was the "principal debtor," and the former, upon payment of the debt, the "payor." The situation we confront is covered by Restatement of Restitution § 76 (1937):

"A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct."

For application of this rule in Oregon, *see U.S. Fire Ins. Co. v. Chrysler Motors,* 264 Or 362, 365-366, 505 P2d 1137 (1973), and cases cited therein, 264 Or at 366 n. 1.

Plaintiff here pleaded and proved that it discharged a duty in whole, that the duty was owed by it to Western Bank, and, as between plaintiff and defendant Siuslaw, should have been discharged by the latter. Defendants have neither alleged nor offered proof of any wrongful conduct on the plaintiff's part.

[ 19 ]

Plaintiff was entitled to restitution from defendant Siuslaw. In this case such restitution consists of the repayment of the $32,000 plaintiff paid to Western Bank to discharge the debt in question.

■ Since the trial court found in favor of defendant Siuslaw, the issue of the liability, if any, of defendant Phillips was not reached. Plaintiff claimed that the Supplemental Agreement of July 8, 1974, obligated defendant Phillips to guarantee the liability of defendant Siuslaw under the June 18, 1974, Sale and Assignment. Plaintiff appears to acknowledge that the Supplemental Agreement was ambiguous as to whether defendant Phillips was obligated to guarantee all of the obligation of defendant Siuslaw or whether defendant Phillips' obligation extended only to a one-sixth share of defendant Siuslaw's liability. Since this factual determination was not addressed by the trial court, the case must be remanded for a hearing and decision on this issue.

Judgment for defendants reversed, judgment for plaintiff in an amount to be determined by the trial court upon remand against defendant Siuslaw Enterprises, Inc., ordered, and case remanded to the trial court for proceedings consistent with this opinion.