**PARAMORE et al,**
*Appellants,*

*v.*

**ROSE et al,**
*Respondents.*

(36077; CA A42555)

752 P2d 1291

J. Michael Alexander, Salem, argued the cause for appellants. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann, Salem.

William M. Holmes, Bend, argued the cause for respondents. With him on the brief was Gray, Fancher, Holmes, Hurley & Bischof, Bend.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Plaintiff, H.T. Construction (H.T.), appeals a summary judgment for defendant Star Mountain Ranch (Star Mountain) in this action to recover payment for excavation services.[1] At issue is whether there is any agreement, express or implied, on which Star Mountain may be held liable to H.T. We affirm.

Star Mountain contracted with Dick Gasbar Excavating (Gasbar) to repair an earthen dam spillway on its property in accordance with plans and specifications prepared by Century West, an engineering firm. Gasbar subcontracted the work to H.T. Gasbar, and H.T.'s written contract incorporated the specifications and certain other provisions of the contract between Gasbar and Star Mountain. Gasbar was not directly involved as a supervisor at the work site and authorized H.T. to communicate directly on its behalf with Star Mountain about performance of its subcontract. In addition, Gasbar authorized H.T. to sign change orders on Gasbar's behalf.

Star Mountain hired an engineer, Smith, as its supervisor on the site. He was not to make any major plan revisions without consulting Century West. Smith also approved all pay requests submitted by Gasbar or H.T. After H.T. had performed a significant amount of the excavation work, Smith observed some problems and, together with a representative of Century West, ordered H.T. to change its excavation method. Pursuant to its arrangement with Gasbar, H.T. signed a change order and did the work in accordance with the changes, which resulted in increased costs. There is no evidence that H.T. acted other than in its capacity as a subcontractor and as the representative of Gasbar or that H.T. and Star Mountain entered into any independent commitments during the project.

H.T. assigns error to the trial court's granting of summary judgment to Star Mountain, arguing that there were genuine issues of material fact on both of its claims. H.T.'s first claim is based on an alleged contract it entered into with Star Mountain to repair the dam. It is H.T.'s view that,

---

[1] The trial court did not dispose of the claim against Gasbar, but entered a final judgment in accordance with ORCP 67B.

although it is not a party to the contract between Star Mountain and Gasbar, given the subsequent course of conduct of the actual parties to the contracts, H.T. "can be considered as" either contracting directly with Star Mountain and Gasbar or contracting with Star Mountain in its representative capacity for Gasbar. H.T. contends that Star Mountain required it to deviate from the original work plan, causing the additional expenses. In its second claim, H.T. contends that, even if no actual agreement existed between it and Star Mountain, it should recover, on a *quantum valebat* basis, the value by which the property was enhanced as a result of services which it rendered at Star Mountain's request.

To H.T.'s first claim, Star Mountain responds that it never had a contractual relationship with H.T. but contracted solely with Gasbar and that Gasbar was not its agent, but only an independent contractor who subcontracted the work to H.T. Because it never agreed to pay H.T., and H.T. never worked directly for it, Star Mountain claims that it is not liable to H.T. With respect to H.T.'s second claim, Star Mountain argues that Gasbar's failure to perform its agreement with H.T. does not entitle H.T. to recover from Star Mountain, with whom H.T. had no agreement, implied or otherwise.

■ We conclude that the trial court did not err in granting summary judgment. H.T.'s first claim, stated in three "counts," is complex, but all three "counts" are based on the existence of an agreement, either express or implied, between it and Star Mountain. H.T. did not offer sufficient evidence to create a genuine issue of material fact as to whether there was an agreement on which Star Mountain could be held liable. H.T. was acting as Gasbar's subcontractor and was not a party to the original contract between Gasbar and Star Mountain. Gasbar was not an agent of Star Mountain; it was an independent contractor. At the time when the changes that led to the alleged cost increases were ordered, H.T. was acting as Gasbar's representative and signed the change order in that capacity. There was no independent relationship between Star Mountain and H.T.

■ We also hold that the trial court did not err in granting summary judgment on H.T.'s second claim in quasi-contract. Star Mountain had a contract only with Gasbar. H.T.

was at all times acting as a subcontractor for Gasbar or as its representative. Star Mountain dealt with and paid Gasbar. There is no evidence to support the claim that there was an agreement, express or implied, between H.T. and Star Mountain.

Affirmed.