Argued and submitted May 24, affirmed October 11, 1989

STAR MOUNTAIN RANCH et al,
*Respondents,*

*v.*

PARAMORE et al,
*Defendants,*

*and*

GOSSARD et al,
dba H.T. Construction,
*Appellants.*

(88CV-0150-WE; CA A50631)

780 P2d 758

J. Michael Alexander, Salem, argued the cause for appellants. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

William M. Holmes, Bend, argued the cause for respondents. With him on the brief was Gray, Fancher, Holmes & Hurley, Bend.

Before Graber, Presiding Judge, and Joseph, Chief Judge, and Riggs, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendants Gossard appeal from a summary judgment for plaintiffs on plaintiffs' claim for indemnity. Plaintiffs paid a judgment that was based on debts incurred by defendants when they worked on repairing an earthen dam spillway on plaintiffs' property. We view the evidence in the light most favorable to the defendant. *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978).

Plaintiffs contracted with Gasbar Excavating (Gasbar) for work on the dam and spillway. Gasbar subcontracted with defendants for a large portion of the work. Defendants in turn sub-subcontracted with Ron Alley Construction (Alley) and Haggerty for rental of equipment that was required to repair the spillway. In the course of performance of the contract, plaintiffs required defendants to change the construction procedure, which resulted in additional expenses. Because of the cost overruns, defendants did not pay Alley or Haggerty in full. Alley and Haggerty filed liens on plaintiffs' property and then foreclosed them. Plaintiffs and defendants here were defendants in the foreclosure action. A default judgment was entered against defendants here. Judgment was also entered against plaintiffs here on both liens. We affirmed. *Alley v. Erbach,* 89 Or App 5, 747 P2d 360 (1987). Plaintiffs paid Alley and Haggerty a total of $15,866.53 in full satisfaction of the judgment.

A second action was filed by defendants against plaintiffs and Gasbar for money allegedly owed for work on the spillway. Defendants claimed that plaintiffs were liable for the cost overruns on a contract theory or, in the alternative, on a *quantum valebant* theory. In that case, the trial court granted plaintiffs here a summary judgment that they were not liable on either basis. We also affirmed it. *Paramore v. Rose,* 90 Or App 569, 752 P2d 1291, *rev den* 306 Or 155 (1988). However, defendants assert that the claim against Gasbar is still pending. In this case, plaintiffs seek indemnity for the amount that they paid on the judgment plus the cost of defending the foreclosure.

Defendants argue that, because it has not been decided whether Gasbar owes them for their work on the spillway, a question of fact exists as to whether plaintiffs were benefitted by services provided by defendants. If plaintiffs

were benefitted, defendant argues, that would be relevant in determining the relative fault of each party and, therefore, in determining which party "ought" to be responsible for the liens.

■ Plaintiffs' claim is for common law indemnity.[1] Defendants admit their obligation to Alley and Haggerty. Defendants also admit that plaintiffs paid the judgment. Therefore, the only issue before the trial court and on appeal is whether defendants must indemnify plaintiffs as a matter of law. *Fulton Ins. v. White Motor Corp., supra* n 1, held that the third element of a claim for indemnity means that, "although the claimant must have been legally liable to the injured third party, his liability must have been 'secondary' or his fault merely 'passive,' while that of the defendant must have been 'active' or 'primary.' * * * [T]he complaint in an indemnity action must include facts which, if proved, would establish each party's liability to the injured party, and that *that plaintiff's liability was not based on conduct which ought to bar his recovery, however that conduct is described.*" 261 Or at 210. (Emphasis supplied.)

There is no reason for a distinction between indemnity in tort cases and in contract or implied contract cases with respect to evaluation of fault. The concepts of "primary" and "secondary" liability or "passive" and "active" fault have not been used expressly in a contract context in Oregon. *Compare Fulton Ins. v. White Motor Corp., supra* (products liability) and *Owings v. Rose,* 262 Or 247, 497 P2d 1183 (1972) (professional malpractice) *with Ram Development Corp. v. Siuslaw Enterprises,* 283 Or 13, 580 P2d 552 (1978) (breach of contract) and *School Dist. No. 4 v. U.S. Gypsum,* 65 Or App 570, 672 P2d 1201 (1983) (breach of warranty). However, there is also no reason why the concepts should not be applied in a contract setting.

■ The proper approach was stated in *Kennedy et al v. Colt,* 216 Or 647, 339 P2d 450 (1959), which held that, if the parties are *in pari delicto,* indemnity will not lie. However, if

---

[1] The elements of a common law indemnity claim are: (1) The person bringing the action must be liable to a third party; (2) the person from whom indemnity is sought also must be liable to that third party; and (3), as between the two contestants, the defendant ought to pay. *Fulton Ins. v. White Motor Corp.,* 261 Or 206, 493 P2d 138 (1972).

the parties' fault is not equal, the court held, "whether or not indemnity will lie, depends, not so much as to [sic] who was primarily or secondarily liable, as to [sic] who was primarily and secondarily responsible for the wrongful act." 216 Or at 653. When that principle is applied in this case, it is evident that the trial court considered the appropriate factors to determine whether defendants ought to indemnify plaintiffs.

■ The judge first considered defendants' claim that they had failed to pay the sub-subcontractors because they had not been paid by plaintiffs. He correctly decided that, because *Paramore v. Rose, supra,* had held that plaintiffs were not directly liable to defendants for anything, collateral estoppel barred defendants from relitigating the issue. The judge also considered whether it could be a defense to the indemnity claim that defendants may be owed money by another contractor for work that benefitted plaintiffs. That question focuses on whether defendants are, in fact, more at fault than plaintiffs.

The trial judge found insufficient evidence to establish that a factual question exists. He cited *Ram Development Corp. v. Siuslaw Enterprises, supra,* and *U.S. Fire Ins. Co. v. Chrysler Motors,* 264 Or 362, 505 P2d 1137 (1973). Those cases establish that separate determinations of the fault of the prospective indemnitor and the indemnitee are required and that, although an alleged indemnitee has the burden of proving the elements of indemnity, the indemnitor must also plead and prove fault on the indemnitee's part in order to avoid an indemnity obligation. The trial judge said that no evidence had been offered to establish that plaintiffs were guilty of wrongful conduct or that the other contractors' failure to pay defendants could be imputed to plaintiffs. Without that evidence there was nothing to raise a fact question as to which party was more at fault.

Defendants claim that *Tum-A-Lum Lumber v. Patrick,* 95 Or App 719, 770 P2d 964 (1989), supports their position, because, as defendants see it, it stands for the proposition that a supplier of materials without a written contract with the landowner can recover the cost of the materials from the landowner, even if it cannot recover from the landowner's contractor. However, *Tum-A-Lum Lumber* only holds that a supplier cannot state a claim for unjust enrichment against a

landowner unless the supplier first exhausts all the remedies that it may have against the contractor. 95 Or App at 721. In this case, defendants have not, by their own admission, exhausted all of their remedies against the contractor. Even if they had, *Paramore v. Rose, supra,* decided that defendants have no claim against plaintiffs under a *quantum valebant* theory; so they are foreclosed from an unjust enrichment claim against plaintiffs. *Tum-A-Lum Lumber* does not bear on the trial court's decision.

■    As between plaintiffs and defendants, defendants clearly have more "active" "fault." Plaintiffs were liable to Alley and Haggerty, because they were the owners of the property for which the equipment had been provided for the project. Plaintiffs did not contract directly with Alley or Haggerty. On the other hand, defendants did contract directly with Alley and Haggerty and directly incurred the debt that plaintiffs eventually paid. This case clearly illustrates a kind of passive fault, by operation of law, *see* ORS 87.010 and ORS 87.015, and a kind of active fault, that is, making a contract for equipment rental and defaulting on the obligations. Summary judgment for plaintiffs was proper.

Affirmed.