Argued and submitted December 22, 1997, award of attorney fees reversed and
remanded; otherwise affirmed July 15, petition for review denied
November 24, 1998 (328 Or 40)

# L.S. HENRIKSEN CONSTRUCTION, INC.,
*Appellant,*

*v.*

# Peter Owen SHEA,
Individually,
and Fore-Sight Enterprises, Inc.,
*Respondents,*

*and*

# LBH CONSTRUCTION, INC.,
*Defendant.*

(C950364CV; CA A91723)

961 P2d 295

A. Richard Vial argued the cause and filed the brief for appellant. With him on the brief were A.R. Vial & Associates, P. C., and Karen J. Johnson.

Kurt Maul argued the cause for respondents. With him on the brief were Richard V. Bayless and Bayless, Stiner & Murphy.

Before Landau, Presiding Judge, and Linder and Wollheim,* Judges.

LANDAU, P. J.

---

* Wollheim, J., *vice* Leeson, J., resigned.

## LANDAU, P. J.

Plaintiff appeals a judgment dismissing his claim for unjust enrichment and awarding attorney fees to defendants. Plaintiff assigns error to the dismissal and to the award of attorney fees. We affirm the dismissal of the unjust enrichment claim, but reverse the award of attorney fees and remand.

We take the facts as pleaded in the complaint. *Sager v. McClenden*, 296 Or 33, 35, 672 P2d 697 (1983). Defendant Peter Owen Shea owns the Tualatin Family Golf Center. Shea planned to construct various improvements on the property. He retained defendant Fore-Sight Enterprises, Inc. (Fore-Sight), to act as his agent during the construction. Fore-Sight hired defendant LBH Construction (LBH) as general contractor. LBH, in turn, hired plaintiff to furnish labor, equipment and materials on the project. Plaintiff provided the work, but LBH did not pay for it. Plaintiff complained to LBH and to Fore-Sight that it had not yet been paid. Both LBH and Fore-Sight assured plaintiff that payment was forthcoming. Fore-Sight eventually sent several checks payable jointly to LBH and plaintiff. The checks covered a portion of the contract price. Plaintiff filed a lien against the property for the unpaid balance and delivered a notice of the lien to defendants. Plaintiff never foreclosed on the lien, however.

Plaintiff then initiated this action for breach of contract, account stated and unjust enrichment against Shea, Fore-Sight and LBH. Shea and Fore-Sight moved to dismiss the unjust enrichment claim on the ground that plaintiff had failed to exhaust its remedies against LBH, the general contractor. The trial court agreed and dismissed the claim without prejudice. Plaintiff repleaded, but with no allegation of exhaustion. Shea and Fore-Sight again moved to dismiss, and the trial court again allowed the motion. Plaintiff repleaded a third time, but for the third time failed to allege exhaustion. Shea and Fore-Sight again moved to dismiss, and the trial court again allowed the motion, this time dismissing the claim with prejudice and awarding attorney fees to Shea and Fore-Sight as a sanction under ORCP 17. The

order imposing the sanction contains no findings as to the basis for the award. The court entered judgment pursuant to ORCP 67 B.

■ Plaintiff first challenges the trial court's decision to dismiss the unjust enrichment claim. Plaintiff contends that it satisfied all of the elements of an unjust enrichment claim by alleging that it conferred a benefit that Shea and Fore-Sight knowingly retained without paying for it. Shea and Fore-Sight contend that the trial court correctly dismissed the claim. Citing *Tum-A-Lum v. Patrick*, 95 Or App 719, 770 P2d 694 (1989), they argue that a subcontractor must exhaust all remedies against the general contractor before filing a claim against the landowner and that plaintiff failed to satisfy that additional requirement.

We agree with Shea's and Fore-Sight's reading and application of *Tum-A-Lum*. In that case, the plaintiff alleged that the defendants entered into a construction contract with a contractor to build a barn on the defendants' property. The plaintiff supplied materials to the contractor. The contractor ceased work, and the defendants did not pay for the materials. The plaintiff sued the landowner for unjust enrichment. We concluded that the claim could not be maintained, explaining:

> "In order to state a claim for unjust enrichment, a complaint must contain allegations that the 'enrichment' was 'unjust.' The mere fact that a benefit was conferred is insufficient. On facts similar to those alleged by plaintiff, a majority of courts have held that, before recovery can be obtained against the landowner, the furnisher of the materials must have exhausted all remedies against the contractor and still remain unpaid.

> "We adopt the majority rule and hold that, under facts such as pled here, a material element that must be alleged and proved for a claim of unjust enrichment to succeed is that the remedies against the contractor were exhausted. * * * [A] furnisher of materials must exhaust all remedies against the contractor *before* the 'enrichment' can be 'unjust.'"

*Tum-A-Lum*, 95 Or App at 721-22 (citations omitted; emphasis in original); *see also Star Mountain Ranch v. Paramore*, 98

Or App 606, 610-11, 780 P2d 758 (1989) ("a supplier cannot state a claim for unjust enrichment against a landowner unless the supplier first exhausts all the remedies that it may have had against the contractor"). In this case, plaintiff has not alleged that it exhausted all remedies against the general contractor, LBH. Under *Tum-A-Lum*, therefore, it has failed to state a claim.

Plaintiff contends that it did comply with *Tum-A-Lum* by alleging that it repeatedly demanded payment from LBH and that it delivered a notice of lien and by taking the additional step of naming LBH in the same action as a defendant to the unjust enrichment claim. Initiating a remedy, however, is not the same as exhausting that remedy, and it is exhaustion that the law requires. *Tum-A-Lum*, 95 Or App at 721. We conclude that the trial court did not err in dismissing the unjust enrichment claim.

■    Plaintiff next challenges the trial court's award of attorney fees to defendant. Plaintiff argues that the court failed to make appropriate findings in support of its decision to award fees under ORCP 17 D. It also argues that the amount awarded was excessive. Shea and Fore-Sight argue that the court did not abuse its discretion in awarding fees.

ORCP 17 C provides that an attorney who signs, files or otherwise submits an argument in support of a pleading makes various certifications, including that the pleading is not being presented for an improper purpose, such as to harass or to cause unnecessary delay. ORCP 17 D then provides that the court may impose sanctions if the court finds that a party has made a false certification. ORCP 17 D(5) provides that, if the court chooses to impose sanctions, specific findings are required:

> "An order imposing sanctions under this section must specifically describe the false certification and the grounds for determining that the certification was false. The order must explain the grounds for the imposition of the specific sanction that is ordered."

In this case, the order awarding attorney fees states only that it is awarded pursuant to ORCP 17. There are no findings describing plaintiff's false certification, the grounds

for determining that the certification was false or the grounds for the imposing of the specific sanction ordered. The trial court therefore erred in awarding attorney fees under ORCP 17.

Award of attorney fees reversed and remanded; otherwise affirmed.