Submitted on record and briefs February 1, reversed and remanded
March 13, 2002

# William Stirling MAXWELL,
*Appellant,*

*v.*

# Michael R. STEBBINS
## and Nickolas C. Nylander,
*Respondents.*

## 99 CV 0130; A108022

42 P3d 336

William Stirling Maxwell filed the brief *pro se.*

Charles D. Carlson and Brown, Roseta, Long, McConville, Kilcullen & Carlson filed the brief for respondent Michael R. Stebbins.

Joel S. DeVore and Luvaas, Cobb, Richards & Fraser, P.C., filed the brief for respondent Nickolas C. Nylander.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff appeals a judgment dismissing his claims with prejudice and awarding defendants prevailing parties fees, contending that the judgment should have dismissed the claims without prejudice and that the court should not have awarded prevailing party fees. We conclude that the trial court erred in failing to dismiss the claims without prejudice and do not reach the other assignment of error.

The relevant facts are not in dispute. On March 15, 1999, plaintiff filed a complaint for fraud against defendants, two attorneys who represented a third party in a successful action against plaintiff for breach of contract and wrongful use of civil proceedings. On April 14, 1999, defendants filed motions under ORCP 21 to strike and to make more definite and certain. The trial court granted the motions and gave plaintiff leave to replead. On June 23, 1999, plaintiff filed an amended complaint, which, on July 6, 1999, prompted a second round of ORCP 21 motions, this time to strike and to dismiss for failure to state a claim. The matter was scheduled for a hearing on July 30, 1999.

On July 29, 1999, plaintiff filed a notice of voluntary dismissal *without* prejudice, pursuant to ORCP 54 A(1). The July 30 hearing went forward as scheduled, and, on August 3, 1999, the court issued a letter opinion granting several of defendants' motions. The court then entered judgment dismissing plaintiff's claims *with* prejudice under ORCP 21 and awarded a prevailing party fee of $250 to one defendant under ORS 20.190(2) and an enhanced prevailing party fee to the other defendant under ORS 20.190(3).

On appeal, plaintiff contends that, having given notice of voluntary dismissal without prejudice, he was entitled to obtain precisely that. In addition, he contends that the trial court erred in awarding prevailing party fees to defendants.

We begin with the first contention, because it is dispositive. Plaintiff argues that, once he filed his notice under ORCP 54 A(1), the trial court had an obligation to enter a judgment of dismissal *without* prejudice. Defendants argue

that ORCP 54 A(1) provides that dismissal must be without prejudice unless "any statute of this state" provides otherwise. According to defendants, in this case, the trial court had authority under either ORCP 17 or ORCP 21 to enter judgment of dismissal with prejudice.

ORCP 54 A(1) provides:

> "Subject to the provisions of Rule 32 D and of any statute of this state, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal with the court and serving such notice on the defendant not less than five days prior to the day of trial if no counterclaim has been pleaded, or (b) by filing a stipulation of dismissal signed by all adverse parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action against the same parties on or including the same claim unless the court directs that the dismissal shall be without prejudice. Upon notice of dismissal or stipulation under this subsection, the court shall enter a judgment of dismissal."

Thus, if a plaintiff files a notice of voluntary dismissal, and had not previously obtained a dismissal of the same claim, "the court shall enter a judgment of dismissal" without prejudice, unless ORCP 32 D—which applies to class actions—or some statute provides otherwise.[1]

Illustrating the application of the rule is *Guerin v. Beamer*, 163 Or App 172, 986 P2d 1241 (1999). In that case, the defendant filed a motion for summary judgment dismissing the plaintiffs' claims for medical malpractice. The day of oral argument on the summary judgment motion, the plaintiffs filed a notice of dismissal pursuant to ORCP 54 A(1). The trial court nevertheless granted the defendant's summary

---

[1] ORCP 54 A(1) provides for dismissal without prejudice "[s]ubject to the provisions of ORCP 32 D and any statute." From that phrasing, it could be inferred that the rule draws a distinction between a rule of civil procedure and "any statute." After all, it does not state, "[s]ubject to any *other* statute." *See also* ORCP 54 A(3) (permitting award of costs and disbursements "provided by rule or statute"). In view of our disposition of this case, however, we need not inquire further about the meaning of the term "any statute"; even if it refers to other rules of civil procedure, none qualifies the dictates of ORCP 54 A(1) in this case.

judgment motion and entered judgment for the defendant. On appeal, the plaintiffs argued that they were entitled to dismissal without prejudice under ORCP 54 A(1). The defendant argued that that rule applies only if another statute does not otherwise permit the court to dismiss with prejudice. According to the defendant, ORCP 47—which provides that, once the opponent has had an opportunity to respond to a motion for summary judgment, "[t]he judgment sought shall be rendered forthwith"—is just such a statute.

We reversed. After examining the text of the rule and its history, we concluded that, notwithstanding the language of the summary judgment rule, ORCP 54 A(1) "reflects a considered policy choice to permit a plaintiff to dismiss his or her action even though the defendant's summary judgment motion is pending." *Id.* at 177.

The question in this case is whether the rule likewise requires the voluntary dismissal of plaintiff's claims without prejudice even though defendants' ORCP 21 motions were pending. As we have noted, defendants argue that voluntary dismissal without prejudice is not required because either of two other statutes provides the court with authority to dismiss with prejudice notwithstanding the notice of dismissal.

The first of the statutes on which defendants rely is ORCP 17. According to defendants, ORCP 17 is brought "into play" in this case because plaintiff's complaint already had been dismissed once and the second attempt to plead a claim was as defective as the first. Thus, they argue, the court had the authority to dismiss the case because of plaintiff's obviously vexatious intentions.

Nothing in the text of ORCP 17 suggests that the court may ignore a notice of dismissal filed under ORCP 54 A(1). In *Guerin*, we noted that the mandatory phrasing of the summary judgment rule—requiring the court to render judgment after the opponent has responded—at least arguably "trumps" ORCP 54 A(1). Nonetheless, we found the summary judgment rule wanting as a basis for declining to dismiss without prejudice. In this case, ORCP 17 contains not even the mandatory phrasing that gave us brief pause in *Guerin*. At best, it presents a *possible* basis on which the court *could*

*have* dismissed the case had plaintiff not filed a notice of dismissal pursuant to ORCP 54 A(1)

Even at that, assuming that the filing of plaintiff's amended complaint otherwise would subject him to sanctions under ORCP 17, the rule makes clear that the court may impose sanctions "only after notice and an opportunity to be heard" on the issue of whether the imposition of sanctions under that rule is appropriate. ORCP 17 D(1). Moreover, sanctions under that rule are permissible only if the trial court explains the grounds for the imposition of the specific sanction that is ordered. *L.S. Henriksen Construction, Inc. v. Shea,* 155 Or App 156, 160, 961 P2d 295, *rev den* 328 Or 40 (1998). In this case, nothing in the record suggests that the trial court satisfied any of the foregoing conditions of imposing sanctions under ORCP 17. That rule, therefore, provides no support for failing to dismiss the complaint under ORCP 54 A(1).

The second of the statutes is ORCP 21. That rule, too, says nothing about ignoring a notice of dismissal filed under ORCP 54 A(1). Like ORCP 17, it contains no mandatory phrasing requiring the court to enter judgment, except where the court determines that it lacks jurisdiction over the subject matter. ORCP 21 G(4). Like ORCP 17, ORCP 21 merely provides a possible basis for dismissal had plaintiff not filed a notice of dismissal under ORCP 54 A(1). That is not sufficient to avoid the obligation to enter a judgment of dismissal without prejudice. *Guerin,* 163 Or App at 177.

In short, ORCP 54 A(1) provides that the court *shall* enter judgment of dismissal *without* prejudice upon the filing of proper notice, unless some other statute provides otherwise. In this case, plaintiff filed proper notice, defendants have failed to identify any statute that provides otherwise, and we are aware of none.

Plaintiff also challenges the trial court's award of prevailing party fees. Defendants reply that ORCP 54 A(3) expressly provides for an award of such fees as costs and disbursements in a case dismissed under ORCP 54 A(1).

ORCP 54 A(3) provides:

> "When an action is dismissed under this section, the judgment may include any costs and disbursements, including attorney fees, provided by rule or statute. Unless the circumstances indicate otherwise, the dismissed party shall be considered the prevailing party."

The rule applies only when an action "is dismissed under this section" and authorizes an award of costs and disbursements to the dismissed party "[u]nless the circumstances indicate otherwise." ORCP 54 A(3). In this case, the trial court expressly did not dismiss the action under ORCP 54 A. Moreover, the court did not have the opportunity to determine whether "circumstances indicate otherwise" than an award of costs and disbursements to defendants. Such matters will need to be addressed on remand.

Reversed and remanded.