Robert A. FLOOD, husband; Katherine A. Flood, wife; David Spiker, a single man; John Spiker, a single man; William L. Peterson, a single man, Plaintiffs–Appellants,

v.

M.K. MILLER, husband; Jane Doe Katz, wife; Barry Gill, husband; Jane Doe Gill, wife; International Basic Resources, Inc., an Idaho Corporation; B. Stephen Bailey, husband; Jane Doe Bailey, wife, Defendants,

N.E. Miller, wife; Irwin A. Katz, husband; Bryan D. Miller, husband, Defendants–Appellees.

No. 98–35584.

D.C. No. CV–94–00294–MHW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2002.

Decided May 30, 2002.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WOOD, Jr.,* and D.W. NELSON and PAEZ Circuit Judges.

### MEMORANDUM **

In this securities fraud action concerning a stock exchange in connection with oil and gas reserves in Uzbekistan, a jury found that M.K. Miller, president and director of International Business Resources, Inc. ("IBR"), and agent/promoter B. Stephen Bailey had violated § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 of the Securities Exchange Commission ("SEC"), 17 C.F.R. § 240.10b–5, and that IBR, Miller, and Bailey were guilty of securities fraud. Prior to the verdict, after both parties had rested, the trial court judge granted defendants' motion for judgment as a matter of law ("JMOL") dismissing the § 20(a) claim under 15 U.S.C. § 78t(a) against N.E. "Nola" Miller (M.K. Miller's wife), secretary/treasurer/executive officer, Bryan Miller (M.K. Miller's son), vice president/director, and Irwin Katz, director.[1] Plaintiffs appeal the JMOL, in addition to the judge's order denying plaintiffs' motion to extend liability to include the community property and for attorney's fees and costs. We reverse and remand in part and affirm in part.

A.  Section 20(a) claim

The trial court judge's decision to grant JMOL is reviewed *de novo.* *EEOC v.*

---

* Honorable Harlington Wood, Jr., Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1.  IBR had no other employees except for the five named defendants and its principal place of business was in the home of M.K. Miller in Tucson, Arizona.

*Pape Lift, Inc.*, 115 F.3d 676, 680 (9th Cir.1997). Judgment as a matter of law is appropriate only when, after drawing "all possible [evidentiary] inferences in favor of the nonmoving party," there remains "only one reasonable conclusion as to the verdict." *Shakey's Inc. v. Covalt*, 704 F.2d 426, 430 (9th Cir.1983); *see* Fed.R.Civ.P. 50(a). The court may not make credibility determinations or weigh the evidence, and "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150–51, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). And, "[i]f conflicting inferences may be drawn from the facts, the case must go to the jury." *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1060 (9th Cir.2000) (citation omitted).

An allegation of controlling person liability under § 20(a) requires a showing that an individual defendant had the power to control or influence. *See Arthur Children's Trust v. Keim*, 994 F.2d 1390, 1396 (9th Cir.1993). "Whether [the defendant] is a controlling person is an intensely factual question, involving scrutiny of the defendant's participation in the day-to-day affairs of the corporation and the defendant's power to control[2] corporate actions." *Kaplan v. Rose*, 49 F.3d 1363, 1382 (9th Cir.1994).

"Plaintiffs need not show that the defendant was a culpable participant in the violation" nor do plaintiffs "have the burden of establishing that person's scienter distinct from the controlled corporation's scienter." *Howard*, 228 F.3d at 1065 (citing *Arthur Children's Trust*, 994 F.2d at

1398). In the present case, the judgment stated that "the actions of the officers or agents of International Basic Resources, Inc. are the acts of the corportation," and that M.K. Miller and Bailey, the only defendants whom the judge allowed the jury to make determinations on, were found to have violated Rule 10b–5, which requires a finding of scienter. Neither party disputes this fact. Therefore, the corporation's scienter can be imputed to the defendants.

"[W]here the corporate officers are a narrowly defined group charged with day-to-day operations of a public corporation, it is reasonable to presume that these officers had the power to control or influence the particular transactions giving rise to the securities violation." *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1441 (9th Cir.1987).[3] "[I]t is not necessary to show actual participation or the exercise of actual power." *Howard*, 228 F.3d at 1065. In addition, under certain circumstances, "inaction in the form of a failure to supervise can ... result in secondary liability," known as the "indirect participation rule." *Kersh v. Gen. Council of the Assemblies of God*, 804 F.2d 546, 550 (9th Cir.1986).

■ Viewed in the light most favorable to plaintiffs, evidence indicated that Bryan Miller and Katz "had authority over the process of preparing and releasing the financial statements." *Howard*, 228 F.3d at 1066 (finding actual authority over the preparation and presentation to the public of financial statements signed by director/defendant sufficient to make prima facie case of a controlling person). Nola Miller had authority in issuing the stock

2. The SEC defines control as "the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise." 17 C.F.R. § 230.405.

3. *Wool* was effectively overruled by *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1575 (9th Cir.1990) (en banc), to the extent that *Hollinger* no longer requires actual participation to make a prima facie case under § 20(a).

certificates involved in the fraud. The three Millers, directly and indirectly, controlled from 70 to 80 percent of all IBR stock. Katz owned over 100,000 shares. The restricted stock shares that were eventually given to ACS were issued in a directive signed by M.K. and Bryan Miller and Katz. All of the shares issued to ACS were signed by M.K. and Nola Miller. Nola Miller signed the ACS/IBR contract and testimony indicated that she authorized the 4 to 3 stock exchange.

Although defendants claimed total ignorance of what was going on, as directors they may not simply "look the other way." See Howard, 228 F.3d at 1065. There was also evidence of "inaction in the form of a failure to supervise" on the part of all three. See Kersh, 804 F.2d at 550. While many of the documents involved in the ACS stock transfer stated that the transfer was "by order of the executive committee of IBR board of directors," it is undisputed that no registration statement was received by the SEC for the offer and/or sale of any IBR stock between January 1, 1999 through December 31, 1993. In addition, as three of only four directors and officers in a closely-held corporation, scienter can be imputed to all three as their scienter derives from the controlled corporation's scienter, even when there is no showing of culpable participation. See Howard, 228 F.3d at 1065. On the other hand, Nola and Brian Miller and Katz assert that their participation in the corporation was limited to the ministerial signing of documents, they effectively had no participation in the day-to-day affairs of the corporation, no actual power of control over it, and did not know about the fraudulent scheme. The facts create sufficiently conflicting inferences and the determination of this issue should not have been resolved on a motion for JMOL.

When there is a defendant "who is a controlling person of an issuer with scienter," the defendant may assert a good faith defense. See Howard, 228 F.3d at 1065 (internal quotations and citation omitted). The Ninth Circuit has placed the burden on the defendant "to show that she acted in good faith and did not directly or indirectly induce the violations." Id.; see Arthur Children's Trust, 994 F.2d at 1398 (noting that defendant has burden of proving absence of scienter). However, a defendant is only entitled to a good faith defense if he can prove "the absence of scienter and a failure to directly or indirectly induce the violations at issue." Howard, 228 F.3d at 1065; see Nordstrom, Inc. v. Chubb & Son, Inc., 54 F.3d 1424, 1434 (9th Cir.1995) ("[good faith] defense is unavailable even when the defendants who induced the fraud believed in good faith that they were not perpetrating a fraud"). The trial court judge did not shift the evidentiary burden to the defendants in this case.

As the determination of who is a controlling person is "an intensely factual question," Arthur Children's Trust, 994 F.2d at 1396, credibility determinations and weighing of the evidence, particularly where conflicting inferences may be drawn from the facts, are questions for the jury. See Howard, 228 F.3d at 1060.

## B. Successors in interest

In an order dated July 17, 1998, the trial court judge recognized N.E. Miller and Bryan D. Miller as the successors in interest of M.K. Miller's estate. In discussing the substitution of parties under Fed. R.Civ.P. 25, we have held that "an action may be continued by or against the original party, and the judgment will be binding on his successor in interest even though he is not named." In re Bernal, 207 F.3d 595, 598 (9th Cir.2000). There-

fore, to the extent of liability under the judgment against M.K. Miller's estate, it is binding on his successors in interest, Nola and Bryan Miller.

## C. Community Property

The trial court judge did not err in denying the motion to amend the judgment to include community property as this issue is more properly raised in post-judgment enforcement proceedings. In addition, the issue may become moot if there is a finding of liability against Nola Miller at retrial.

## D. Attorney's Fees

The "American Rule," which states that attorney's fees "are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor," generally governs the award of attorney's fees in federal court. *See F.D. Rich Co. v. Indus. Lumber Co.,* 417 U.S. 116, 126, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974). There is no statutory provision authorizing the award of attorney's fees to a prevailing party in an action brought pursuant to Rule 10b–5. *See Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 211 n. 30, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976).

■ Although there is a bad faith exception to the American Rule, *see Rich,* 417 U.S. at 129, 94 S.Ct. 2157, it is within the "inherent authority" of the court to award costs and attorney's fees if the litigant has acted in bad faith. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc.,* 421 U.S. 240, 259, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). And that authority is at the district court's discretion. *See Dogherra v. Safeway Stores,* 679 F.2d 1293, 1298 (9th Cir.1982). However, an award of attorney's fees for bad faith is punitive and is imposed only in exceptional cases. *Id.* Given the fact that there are no statutory provisions awarding attorney's fees in a Rule 10b–5 claim and the Securities Act of 1934 disclaims punitive damages in securities actions, *see* 15 U.S.C. § 78bb(a), the trial court judge did not abuse his discretion in denying attorney's fees in this case.

## *Conclusion*

The trial court judge's JMOL on the § 20(a) claim pertaining to Nola and Bryan Miller and Katz is REVERSED and REMANDED to allow a jury to make credibility determinations and weigh the evidence, with the burden of proof on defendants to present a good faith defense if allowed under law. Nola and Bryan Miller remain as successors in interest to the estate of M.K. Miller and the trial court judge's order denying the motion to amend to include community property and for attorney's fees is AFFIRMED.

The parties shall bear their own costs in this appeal.