Submitted August 7, affirmed December 16, 2009

Larry Lydell BELL, Sr.,
*Plaintiff-Appellant,*

*v.*

Saundra BENJAMIN
and William Benjamin,
*Defendants-Respondents,*

*and*

Linn M. REICHOFF,
*Defendant.*

Multnomah County Circuit Court
060808475; A137193

222 P3d 741

Larry Lydell Bell Sr. filed the brief *pro se*.

William G. Benjamin *pro se* waived appearance.

No appearance for respondent Saundra Benjamin.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

Plaintiff brought this action against defendants in connection with the 1997 sale of plaintiff's residence to defendants for $35,000.[1] Plaintiff alleges that defendants defrauded him in the course of that transaction. Defendants moved for summary judgment under ORCP 47 on the ground that plaintiff's claims were barred by the applicable two-year statute of limitations on fraud claims, ORS 12.110. The trial court granted defendants' motion, and plaintiff appeals. We affirm.

In reviewing the grant of a motion for summary judgment, we state the relevant facts in the light most favorable to plaintiff, the nonmoving party. *Oregon Steel Mills, Inc. v. Coopers & Lybrand, LLP*, 336 Or 329, 332, 83 P3d 322 (2004). In 1996, plaintiff agreed to sell his residence to defendants for $35,000, and plaintiff received $500 in earnest money. The property, however, was encumbered by a number of liens that, according to plaintiff, prevented him from delivering marketable title to defendants. Defendants subsequently filed an action for specific performance of the sales agreement, and in 1997, the parties settled that action by entering into a new agreement whereby plaintiff agreed to execute the documents necessary to transfer the property to defendants, and defendants agreed to assume the existing liens on the property, which appear to have approximated $45,000. As we understand the settlement agreement, it contemplated that plaintiff would receive any balance from escrow after the liens were satisfied. However, after reaching that settlement, but before the close of escrow, defendants contacted lienholders and negotiated discounted payoffs of those outstanding debts with various creditors.[2] Plaintiff had not authorized defendants to negotiate on his behalf and was

---

[1] Defendants on appeal, Saundra Benjamin and William Benjamin, did not file a responding brief. Certain allegations of plaintiff are specific to either Saundra or William, but those differences are not material to our analysis. Plaintiff also brought claims against Reichoff, who plaintiff alleges later purchased the residence from the Benjamins for $95,000. Reichoff is not a party to the appeal, and we use the term "defendants" to refer to the Benjamins.

[2] At least one of the creditors agreed to the negotiated reduction on the condition that plaintiff would not receive any proceeds from escrow as a result of the sale of the residence.

not aware that defendants had negotiated those debt reductions. The escrow was subsequently closed in February 1997.

Plaintiff filed this action on August 16, 2006, alleging, among other claims, that defendants had defrauded him by secretly negotiating debt reductions with his creditors that prevented him from obtaining all of the proceeds from the sale of his home and that damaged his credit in various ways. Defendants moved for summary judgment on those claims on the ground that they were not brought within two years of the time in which any fraud should have been discovered, as required by Oregon law. *See* ORS 12.110(1) ("An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit."). In their memorandum to the trial court in support of their motion, defendants argued,

> "It is undisputed that plaintiff did not receive a check for the full purchase price of the property. There were several liens and judgments that were first satisfied with the funds."

As to the timeliness of plaintiff's action, defendants argued,

> "Plaintiff surely knew at the time of closing of the real estate transaction, or within days thereafter, that he did not receive a check from the title and escrow company for over $30,000. He was on notice at that time that he did not receive the money he now claims he should have received but for the alleged fraud. Since more than two years have elapsed, Plaintiff is barred from raising his claim at this time."

In response to defendants' motion, plaintiff averred, in part,

> "It is obvious that [defendants] lied about not having knowledge of whether I received the remainder of the unpaid balance of $34,500, as well as not having knowledge of the liens on the property (Plaintiff's debts). * * * Mr. Benjamin claims at page 5 of his affidavit that 'lien holders agreed to accept a smaller amount than their lien

amount and in exchange would issue full satisfaction of their lien amount[.]' Defendant, further claims they paid $16,366.47 (money out of escrow), however only $11,589.15 was paid out of escrow, a difference of $4,777.32 is still not accounted for. * * * Two of the liens occurred after the transfer of the property.

"[A]t the close of escrow on February 14, 1997, I was handed $1,000 from [defendants] and told that I would receive the remainder of the money after the rest of the paper-work cleared."

Plaintiff also contended that, between 1996 and 1999, he was a chronic substance abuser who was addicted to crack cocaine. The effect of that "disabling" condition on plaintiff's ability to discover the fraud, he argued, creates a jury question. The trial court rejected plaintiff's arguments and granted defendants' motion.

On appeal, plaintiff advances two assignments of error. In his first assignment, plaintiff argues that the trial court erred in applying the two-year statute of limitations for fraud claims, ORS 12.110. According to plaintiff, his claims, albeit based on fraud, are actually equitable claims to which the trial court should have applied an "equitable tolling statute"[3] and the doctrine of laches. We do not understand plaintiff to have made that argument below, as ORAP 5.45 requires,[4] and, in any event, we reject it without further discussion.

In his second assignment, plaintiff contends that the trial court erred in granting summary judgment because "there existed a genuine issue of fact as to when [p]laintiff discovered [d]efendant's fraud in acquiring his real estate property." ORS 12.110 provides that, in an action for fraud or deceit, the two-year limitation period "shall be deemed to

---

[3] Plaintiff relies on ORS 12.040(4), which provides, "In a suit upon a new promise, fraud or mistake, the limitation shall only be deemed to commence from the making of the new promise or the discovery of the fraud or mistake."

[4] The section of plaintiff's brief regarding preservation of error does not identify anything in the record that would suggest that he made such an argument; indeed, the response that plaintiff filed below to defendants' summary judgment motion identifies ORS 12.110 as the applicable law and argues instead that plaintiff could not have discovered the fraud because of his chronic substance abuse.

commence only from the discovery of the fraud or deceit." For purposes of that statute, a plaintiff "discovers" the fraud "when the plaintiff knew or should have known of the alleged fraud." *Mathies v. Hoeck*, 284 Or 539, 542-43, 588 P2d 1 (1978). "Whether the plaintiff should have known of the alleged fraud depends on a two-step analysis. First, it must appear that plaintiff had sufficient knowledge to excite attention and put a party upon his guard or call for an inquiry." *Id.* (internal quotation marks omitted). "If plaintiff had such knowledge, it must also appear that a reasonably diligent inquiry would disclose the fraud." *Id.* at 543 (internal quotation marks omitted). "Whether or not the plaintiff should have known of the fraud at a particular point in time is normally a question for the jury except where only one conclusion can reasonably be drawn from the evidence." *Id.*

■ This case is one in which, as a matter of law, only one conclusion can be drawn from the evidence. Plaintiff's claims are premised on the theory that defendants fraudulently negotiated with his creditors, thereby depriving him in 1997 of the proceeds of the sale of his residence and ruining his credit. Taking plaintiff's evidence in the light most favorable to him, he never received all of the monies that he was promised for the sale of his residence when the escrow closed. That fact certainly would have been sufficient "to excite attention and put a party upon his guard or call for an inquiry" regarding the sale and defendants' allegedly fraudulent conduct. Moreover, giving plaintiff the benefit of some additional delay (based on assurances that the money would come after "paperwork" for the sale had been completed), plaintiff did not commence this action until August 2006—more than *nine years* after the sale closed. Had plaintiff conducted a reasonably diligent inquiry, he would have learned—from the title company, his credit report, or through public records—that the lien amounts had been reduced in connection with the sale of his home.[5] For those reasons, we conclude that the trial court properly granted summary judgment under ORCP 47 C because plaintiff's claims were not brought within the

---

[5] Plaintiff also contends that his case should have gone to the jury because he "presented evidence in the trial court that at all times relevant to these claims he was not a reasonable minded person." We reject that argument without discussion.

two-year period prescribed by the statute of limitations for fraud claims.

Affirmed.