**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 06 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BIBIJI INDERJIT KAUR PURI; RANBIR SINGH BHAI; KAMALJIT KAUR KOHLI; KULBIR SINGH PURI, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> SOPURKH KAUR KHALSA; PERAIM KAUR KHALSA; SIRI RAM KAUR KHALSA; SIRI KARM KAUR KHALSA; KARTAR SINGH KHALSA; KARAM SINGH KHALSA; ROY LAMBERT; SCHWABE, WILLIAMSON & WYATT, an Oregon Professional Corporation; LEWIS M. HOROWITZ; LANE POWELL PC, an Oregon Professional Corporation; UNTO INFINITY, LLC, an Oregon Limited Liability Company; SIRI SINGH SAHIB CORPORATION, an Oregon non-profit corporation; DOES, 1 through 5, <br><br> Defendants-Appellees. | No. 13-36024 <br><br> D.C. No. 3:10-cv-01532-MO <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted March 10, 2016
Portland, Oregon

Before: FISHER, BERZON, and WATFORD, Circuit Judges.

The plaintiffs, individually and on behalf of Unto Infinity, LLC (UI), and Siri Singh Sahib Corporation (SSSC), brought claims alleging the defendants conspired to exclude them from certain management positions, convert millions of dollars in assets from entities under their control for personal benefit, and conceal their fraudulent conduct. In a concurrently filed opinion, we vacate the district court's dismissal of the plaintiffs' direct claims under the First Amendment. Here, we affirm the district court's dismissal of the plaintiffs' derivative claims and address the defendants' alternative theories for dismissal of the direct claims.

## A. Derivative Claims

The district court dismissed all derivative claims, concluding the plaintiffs lacked derivative standing under Federal Rule of Civil Procedure 23.1(a).[1] The parties dispute the standard of review for dismissals based on Rule 23.1 standing, citing conflicting circuit precedent. *Compare Quinn v. Anvil Corp.*, 620 F.3d 1005, 1012 (9th Cir. 2010) (stating we review de novo whether a plaintiff has Rule 23.1

---

[1] Because Rule 23.1(a) provides a sufficient basis to dismiss all derivative claims, and because we affirm on that basis, we do not reach the alternative grounds for dismissal provided by the district court.

2

standing), *and Kona Enters., Inc. v. Estate of Bishop*, 179 F.3d 767, 769 (9th Cir. 1999) (same), *with Larson v. Dumke*, 900 F.2d 1363, 1364 (9th Cir. 1990) (stating we review a district court's determination of Rule 23.1 standing for abuse of discretion), *and Hornreich v. Plant Indus., Inc.*, 535 F.2d 550, 552 (9th Cir. 1976) (same). We need not resolve this conflict, because the district court did not err under either standard.

A "derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association." Fed. R. Civ. P. 23.1(a). A number of factors are considered "in determining the adequacy of representation by a derivative plaintiff under Rule 23.1." *Larson*, 900 F.2d at 1367. As the plaintiffs concede, "the most important element to be considered is whether plaintiff's interests are antagonistic to those plaintiff is seeking to represent." 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1833 (3d ed. 2016). The district court found the plaintiffs have substantial interests antagonistic to UI and SSSC, the organizations they purport to represent. We agree.

First, the district court found the plaintiffs seek personal damages for lost compensation against all defendants, including UI and SSSC, of at least $200,000.

3

The plaintiffs' proposed but disallowed second amended complaint seeks personal damages in excess of $4 million, indicating the true scope of their economic antagonism is much greater than suggested by their operative pleadings.

Second, the district court found the plaintiffs have frequently been adverse to UI, SSSC and their subsidiary and affiliated entities in other litigation across multiple jurisdictions. To the extent the disputes underlying these various actions remain active, they create further economic antagonism. These numerous and contentious disputes also suggest a degree of "vindictiveness toward the defendants," another factor weighing against derivative standing. *Larson*, 900 F.2d at 1367.

Third, the plaintiffs' requested relief would leave them in complete control of the organizations whose interests they purport to represent, with the four plaintiffs as the only board members of SSSC and one of the plaintiffs as the sole board member of UI. The prospect of personally controlling organizations worth many millions of dollars dramatically increases "the relative magnitude of plaintiff[s'] personal interests as compared to [their] interest in the derivative action itself," *id.*, such that the plaintiffs' interests differ substantially from those of other members of the community UI and SSSC are intended to benefit.

4

For these reasons, we agree with the district court that the plaintiffs are not adequate derivative representatives under Rule 23.1(a). Accordingly, we affirm the district court's dismissal of the plaintiffs' derivative claims.

The plaintiffs argue in a conclusory manner that they should have been given leave to file a second amended complaint. Because the plaintiffs do not explain how amendment could have cured the Rule 23.1(a) defects, there was no abuse of discretion in dismissing the derivative claims with prejudice.

## B. Alternative Grounds for Dismissal of the Direct Claims

Because we vacate dismissal of the direct claims under the First Amendment, we address the defendants' alternative arguments for dismissal of these claims. We review de novo dismissals under Rules 9(b) and 12(b)(6). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). We review for an abuse of discretion the denial of leave to amend. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 949 (9th Cir. 2006).

### 1. Unjust Enrichment Against the Lawyer and Law Firm Defendants

The plaintiffs asserted an unjust enrichment claim against Lane Powell, a law firm; Lewis Horowitz, an attorney at the firm; Roy Lambert, longtime legal counsel to Yogi Bhajan's companies; and Schwabe, Williamson & Wyatt (SWW),

Lambert's law firm, alleging it would be unjust for any of them to retain their attorney's fees.

In Oregon, the elements of the quasi-contractual claim of unjust enrichment are (1) a benefit conferred, (2) awareness by the recipient that she has received the benefit and (3) it would be unjust to allow the recipient to retain the benefit. *See Wilson v. Gutierrez*, 323 P.3d 974, 978 (Or. Ct. App. 2014).

The defendants argue this claim fails because the first amended complaint ("complaint") alleges that third persons – UI and SSSC – conferred benefits on these lawyers, not that the plaintiffs themselves did. The plaintiffs cite no authority supporting the proposition that a claim for unjust enrichment lies when the benefits in dispute were conferred by third persons rather than by the plaintiffs. The Restatement (Third) of Restitution and Unjust Enrichment §§ 47-48 (2011) sets out limited circumstances in which a plaintiff can pursue an unjust enrichment claim against a third party, but the plaintiffs do not argue their allegations fall under those provisions, and it is not self-evident that they do so.

Accordingly, the district court properly dismissed the unjust enrichment claim against the lawyer and law firm defendants. Because the plaintiffs do not identify what additional facts they would plead if they were granted leave to amend, the court did not abuse its discretion by denying leave to amend.

6

## 2.    *Reynolds* Qualified Privilege for Lane Powell and Horowitz

The defendants argue any direct claims against the Lane Powell firm and Horowitz should be dismissed under *Reynolds v. Schrock*, 142 P.3d 1062, 1063 (Or. 2006), which "hold[s] that a lawyer may not be held jointly liable with a client for the client's breach of fiduciary duty unless the third party shows that the lawyer was acting outside the scope of the lawyer-client relationship." This rule, however, does not shield "actions by a lawyer that fall within the 'crime or fraud' exception to the lawyer-client privilege, OEC 503(4)(a)." *Id.* at 1069. Here, because the complaint alleges the services of Lane Powell and Horowitz were obtained to enable or aid in commission of a fraudulent plan, the *Reynolds* privilege does not apply. The defendants' argument therefore fails.

## 3.    Legal Malpractice Claim Against Lambert and SWW

The plaintiffs allege a legal malpractice claim against Lambert and SWW. "In the traditional legal malpractice action, as in other tort actions in which there is a special relationship between the plaintiff and the defendant, the plaintiff usually must allege and prove (1) a *duty* that runs from the defendant to the plaintiff; (2) a *breach* of that duty; (3) a resulting *harm* to the plaintiff measurable in damages; and (4) *causation*, *i.e.*, a causal link between the breach of duty and the harm." *Stevens v. Bispham*, 851 P.2d 556, 560 (Or. 1993).

The plaintiffs have not satisfied this standard here, because they have not alleged a duty – i.e., an attorney-client relationship between themselves and the defendants. Although the complaint alleges the existence of an attorney-client relationship in a conclusory manner, such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiffs' alternative attempts to plead an attorney-client relationship also fail. The complaint, for instance, alleges these defendants represented Bibiji in negotiating a trademark licensing agreement. The complaint, however, does not allege a causal link between that representation and the harm alleged in the complaint. *See Stevens*, 851 P.2d at 560. Any attorney-client relationship that may have existed with respect to the trademark issues, therefore, is immaterial for purposes of the claims made in this lawsuit.

The plaintiffs alternatively contend they have pled an attorney-client relationship on the theory that Bibiji reasonably believed an attorney-client relationship existed between herself and the defendants. This argument fails because the complaint does not include allegations supporting an objectively reasonable belief in such a relationship. *See In re Conduct of Weidner*, 801 P.2d 828, 837 (Or. 1990) ("[T]o establish that the lawyer-client relationship exists based

8

on reasonable expectation, a putative client's subjective, uncommunicated intention or expectation must be accompanied by evidence of objective facts on which a reasonable person would rely as supporting existence of that intent; by evidence placing the lawyer on notice that the putative client had that intent; by evidence that the lawyer shared the client's subjective intention to form the relationship; or by evidence that the lawyer acted in a way that would induce a reasonable person in the client's position to rely on the lawyer's professional advice." (footnote omitted)).

Finally, the plaintiffs rely on Oregon law providing that a lawyer owes a duty to act as a reasonably competent attorney in protecting and defending the interests not only of the client but also of "those who may be considered intended beneficiaries of the duty to the client." *Onita Pac. Corp. v. Trs. of Bronson*, 843 P.2d 890, 896 (Or. 1992). The plaintiffs, however, have not alleged they were intended beneficiaries of the defendants' representation. This argument is therefore unpersuasive as well.

For these reasons, the district court properly dismissed the plaintiffs' legal malpractice claim against Lambert and SWW. As the plaintiffs have not shown what additional facts they would allege were they given leave to amend, the district court did not abuse its discretion by dismissing this claim with prejudice.

9

### 4. Negligent Misrepresentation Claim Against Lane Powell and Horowitz

The plaintiffs allege a negligent misrepresentation claim against Lane Powell and Horowitz. The district court dismissed this claim for failure to allege a duty. Under Oregon law, "a negligence claim for the recovery of economic losses caused by another must be predicated on some duty of the negligent actor to the injured party beyond the common law duty to exercise reasonable care to prevent foreseeable harm." *Id.* (footnote omitted). The plaintiffs contend Lane Powell and Horowitz owed a duty to the plaintiffs because they owed a duty to UI and SSSC and, as a result, they owed a duty to them as UI's and SSSC's putative board members. The authority they cite in support of this theory, however, holds only that an attorney's duty to a client extends to "those who may be considered intended beneficiaries of the duty to the client." *Id.* They fail to present any legal or factual support for the proposition that they were the intended beneficiaries of the lawyer-client relationship between Lane Powell and Horowitz on the one hand and certain corporate entities relating to UI and SSSC on the other. The plaintiffs' argument therefore fails. The district court properly dismissed this claim, and given the plaintiffs' failure to identify additional facts they would plead to cure this

defect were they given leave to amend, the court did not abuse its discretion by dismissing the claim with prejudice.

### 5. Statute of Limitations as to Claims Against Lane Powell and Horowitz

The complaint alleges Lane Powell and Horowitz are liable for fraud and negligent misrepresentation in connection with the fraudulent conversion of UI's and SSSC's assets to the owners of Golden Temple Management, LLC (GTM). The defendants argue the plaintiffs' fraud and negligent misrepresentation claims against Lane Powell and Horowitz are untimely under Oregon's two-year statute of limitations governing fraud claims. That limitations period is subject to a discovery rule. *See* ORS 12.110(1) ("[I]n an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud."); *Bell v. Benjamin*, 222 P.3d 741, 744 (Or. Ct. App. 2009) ("For purposes of that statute, a plaintiff 'discovers' the fraud 'when the plaintiff knew or should have known of the alleged fraud.' 'Whether the plaintiff should have known of the alleged fraud depends on a two-step analysis. First, it must appear that plaintiff had sufficient knowledge to excite attention and put a party upon his guard or call for an inquiry.' 'If plaintiff had such knowledge, it must also appear that a

11

reasonably diligent inquiry would disclose the fraud.'" (citations omitted) (quoting *Mathies v. Hoeck*, 588 P.2d 1, 2-3 (Or. 1978))).

But "[a] claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute of limitations is apparent on the face of the complaint.'" *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration omitted) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)).

Here, the alleged misconduct that forms the basis of this claim took place on or before November 2008. The complaint alleges the plaintiffs learned about the transfer of UI's assets to GTM by January 2010. It also alleges Lambert testified in a February 2010 deposition about the fraud in a manner that, in the defendants' view, would have placed the plaintiffs on inquiry notice of the fraud. Under that view, the complaint was not timely filed. The plaintiffs, however, maintain they first became aware of Lambert's February 2010 testimony sometime later, and that Lambert's testimony revealed only his actions, not those of Lane Powell and Horowitz. It is not apparent from the face of the complaint that the plaintiffs were put on inquiry notice of fraud by Lane Powell and Horowitz by February 2010, nor is it apparent a reasonably diligent inquiry would have disclosed the alleged fraud at that time. The defendants' argument therefore fails. The defendants' arguments

12

with respect to the plaintiffs' aiding and abetting claims against Lane Powell and Horowitz fail for the same reason.

**6.    Statute of Limitations as to Lambert and SWW**

The complaint includes claims for breach of fiduciary duty, fraud, negligent misrepresentation, tortious interference with prospective economic advantage and legal malpractice against Lambert and SWW arising from the allegedly wrongful exclusion of the plaintiffs from the UI and SSSC boards.  The defendants argue these claims are barred by the applicable two-year statute of limitations.  *See* ORS 12.110(1).  The claims against Lambert were filed in December 2010; those against SWW were added in March 2012.

*(a)  Breach of Fiduciary Duty, Fraud and Negligent Misrepresentation*

Under Oregon's discovery rule, which the defendants agree applies to the plaintiffs' fiduciary duty, fraud and negligent misrepresentation claims, the question is whether the plaintiffs knew or, in the exercise of reasonable care, should have known, facts which would make a reasonable person aware of a substantial possibility that each of the three elements of legally cognizable harm (harm, causation, and tortious conduct) exists.  *See Oregon Life & Health Ins. Guar. Ass'n v. Inter-Reg'l Fin. Grp., Inc.*, 967 P.2d 880, 883 (Or. Ct. App. 1998).

The defendants argue the plaintiffs knew or should have known they were tortiously excluded from the UI and SSSC boards by 2005, more than two years before they filed claims against Lambert and SWW. The face of the complaint, however, shows only that the plaintiffs were aware in 2005 that they had been denied positions on the boards, not that they were being denied board positions because of fraud or otherwise tortious conduct. The statute of limitations defense therefore is not apparent from the face of the complaint. *See Air Control Techs.*, 720 F.3d at 1178.

*(b)  Tortious Interference*

A claim for tortious interference accrues when the economic injury occurs. *See Cramer v. Stonebridge Inn, Inc.*, 713 P.2d 645, 647 (Or. Ct. App. 1986). If the "plaintiffs' claim is not based on fraud or deceit, the accrual of the claim is not subject to a rule of discovery." *Butcher v. McClain*, 260 P.3d 611, 614 (Or. Ct. App. 2011). Here, however, the plaintiffs' interference claim is based on Lambert and SWW's concealment of facts regarding business and board operations. Thus, the discovery rule applies, and the defendants' statute of limitations argument fails for the reasons stated in part (a) above.

**7.    Pleading with Particularity Under Rule 9(b)**

14

The district court dismissed the following claims under Federal Rule of Civil Procedure 9(b): fraud, negligent misrepresentation, federal Racketeer Influenced and Corrupt Organizations Act (RICO) and Oregon Racketeer Influenced and Corrupt Organizations Act (ORICO) as to all defendants except Lambert, Sopurkh and Kartar; unjust enrichment as to all defendants except Kartar, Sopurkh and Karam; legal malpractice as to all defendants; and aiding and abetting as to all defendants. The plaintiffs challenge those rulings on appeal. The defendants, on the other hand, contend Rule 9(b) dismissal is appropriate as to all defendants and all claims.

Under Rule 9(b), a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This means the plaintiff must allege "the who, what, when, where, and how of the misconduct charged," including what is false or misleading about a statement, and why it is false. *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quoting *Vess*, 317 F.3d at 1106). "[M]ere conclusory allegations of fraud are insufficient." *Wool v. Tandem Computers Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987), *overruled on other grounds as stated in Flood v. Miller*, 35 F. App'x 701, 703 n.3 (9th Cir. 2002). Broad allegations that include "no particularized supporting detail" do not suffice, *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001), but "statements of

15

the time, place and nature of the alleged fraudulent activities are sufficient," *Wool*, 818 F.2d at 1439. Allegations of fraud based on information and belief may suffice as to matters peculiarly within the opposing party's knowledge, so long as the allegations are accompanied by a statement of the facts upon which the belief is founded. *See id.* We apply Rule 9(b) to the plaintiffs' various averments of fraud.[2]

---

[2] The plaintiffs point out, correctly, that "there is no absolute requirement that where several defendants are sued in connection with an alleged fraudulent scheme, the complaint must identify *false statements* made by each and every defendant," because "'[p]articipation by each conspirator in every detail in the execution of the conspiracy is unnecessary to establish liability, for each conspirator may be performing different tasks to bring about the desired result.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Beltz Travel Serv., Inc. v. Int'l Air Transp. Ass'n*, 620 F.2d 1360, 1367 (9th Cir. 1980)). But allegations of conspiracy do not excuse the plaintiffs from offering detailed and particularized allegations regarding each defendant's role in the fraud. As *Swartz* explains, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Id.* at 764-65 (alterations in original) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.'" *Id.* at 765 (alterations in original) (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)). "There is no flaw in a pleading, however, where collective allegations are used to describe the actions of multiple defendants who are alleged to have engaged in precisely the same conduct." *United States ex rel. Swoben v. United Healthcare Ins. Co.*, ___F.3d ___, 2016 WL 7378731, at *17 (9th Cir. Dec. 16, 2016).

*Claim 1 – Declaratory Relief.* The defendants do not distinctly challenge these allegations and the district court did not address the issue. We assume this claim satisfies Rule 9(b).

*Claim 2 – Breach of Fiduciary Duty.* The plaintiffs raise solely a derivative claim of breach of fiduciary duty. Because this claim fails under Rule 23.1(a), we need not address the defendants' arguments under Rule 9(b).

*Claim 3 – Fraud.* The complaint's allegations of fraud in part allege the circumstances of fraud with sufficient particularity. The complaint includes minimally sufficient allegations against Sopurkh (¶ 53.1), Kartar (¶ 53.4) and Lambert and SWW (¶¶ 53.5, 55, 55.2). As to the remaining defendants, however, the complaint includes only broad and conclusory allegations regarding the circumstances of fraud, without supporting particularized detail. *E.g.*, ¶¶ 52.1, 53.1, 53.2, 53.3, 53.6, 54, 56.2, 57, 57.1, 57.2, 57.3. For example, the complaint alleges the defendants "falsely and fraudulently represented to BIBIJI that she was not on the Board of Managers of UI and had no management authority at UI." ¶ 52.1. It further alleges that "[s]aid Defendants adopted and ratified the acts of the others in fraudulently exclud[ing] BIBIJI from participating in the management of UI." ¶ 52.1. These allegations lack the particularized detail Rule 9(b) demands. *See Ebeid*, 616 F.3d at 1000 (holding a complaint's "general allegations – lacking

17

any details or facts setting out the who, what, when, where, and how of the [allegedly fraudulent conduct]" – were insufficient to satisfy Rule 9(b) (internal quotation marks omitted)); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1057 (9th Cir. 2011) (holding a complaint failed to satisfy Rule 9(b) where the allegations were lacking in detail); *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir. 2001) (holding a "broad claim" with "no factual support" was insufficient to satisfy Rule 9(b)).[3]

We recognize other portions of the complaint allege additional details (¶¶ 20 – 27.18). The portion of the complaint dealing explicitly with the fraud claim (¶¶ 51-59), however, does not cross reference these earlier allegations in any intelligible manner. The complaint's vague references to these details, using language such as "as alleged above" (¶¶ 57.1, 57.2), are insufficient in a case such as this, involving a lengthy and difficult to decipher pleading.

The complaint also includes a number of allegations made on information and belief. Such allegations are appropriate regarding matters known only to the defendants, but only insofar as the complaint also explains the basis for the belief.

---

[3] The chart the plaintiffs included in ¶ 29 of the complaint does not supply all of the requisite details.

18

*See Wool*, 818 F.2d at 1439.  Here, although the complaint sometimes satisfies this requirement (*e.g.*, ¶ 55.2), it often does not (*e.g.*, ¶ 53.6).

In sum, the fraud claim fails under Rule 9(b) except as to Sopurkh, Kartar, Lambert and SWW.[4]

However, because the complaint contains allegations elsewhere that are more specific, and because existing averments come close to Rule 9(b) adequacy in some respects, it is not clear the plaintiffs could not cure the deficiencies by further amendment.  The plaintiffs therefore shall be granted leave to amend.  *See Vess*, 317 F.3d at 1107-08 ("As with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice," and "'[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.'" (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1998))).  This case does not involve a "*repeated* failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962)

---

[4] With respect to the fraud claim, the complaint does include a relatively specific allegation regarding Peraim and Karm – their signing the SSSC consent minutes denying the existence of a letter from Yogi Bhajan naming the plaintiffs to the SSSC board (¶ 55.1).  But the complaint offers only conclusory allegations to suggest this conduct was fraudulent.  *See* ¶ 56.2 (alleging in a conclusory manner that the defendants knew their representations to be false).  The complaint therefore fails to allege a plausible or particularized claim against Peraim and Karm as required by Rules 8 and 9(b).

(emphasis added). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

*Claim 4 – Negligent Misrepresentation.* The defendants argue, and the plaintiffs do not contest, that Rule 9(b) applies to this claim. The complaint's allegations concerning negligent misrepresentations are uniformly conclusory. They include only broad reference to allegations made in previous paragraphs, lacking particularized detail of any alleged misrepresentations. *E.g.*, ¶¶ 61, 61.2, 62, 62.1, 62.2, 65, 65.1. The only allegation of misrepresentation made with any particularity concerns Kartar's and Karam's false claims of ownership in Golden Temple trademarks (¶ 61.9), but that misrepresentation does not appear to be a part of the claims raised in this lawsuit. The negligent misrepresentation claim thus fails under Rule 9(b) as to each defendant. For similar reasons stated in the analysis for Claim 3, however, this claim shall be dismissed without prejudice.

*Claim 5 – Tortious Interference with Prospective Economic Advantage.* Because this claim is grounded in fraud, it is subject to Rule 9(b). *See Vess*, 317 F.3d at 1103-04 (explaining that "Rule 9(b) applies to 'averments of fraud' in all civil cases in federal district court"). The allegations regarding this claim are

minimally sufficient with respect to Sopurkh (¶ 70), Lambert (¶ 70.1) and SWW (¶ 70.1). With respect to the remaining defendants, however, the complaint once again alleges the circumstances of fraud in broad and conclusory terms, lacking particularized detail. *E.g.*, ¶¶ 68.2, 68.3, 70, 70.2, 70.4, 70.5, 70.6. The claim therefore fails under Rule 9(b) with respect to defendants other than Sopurkh, Lambert and SWW. Because the fraudulent conduct alleged in this claim overlaps in part with allegations made as to Claim 3, this claim too shall be dismissed without prejudice.

*Claim 6 – Conversion.* The plaintiffs' conversion claim is entirely derivative. Because the derivative claim fails under Rule 23.1(a), we need not address the defendants' Rule 9(b) arguments.

*Claim 7 – Unjust Enrichment.* Because the unjust enrichment claim is based on fraud, it too is subject to Rule 9(b). *See Vess*, 317 F.3d at 1103-04. The complaint fails to allege the underlying circumstances of fraud with particularity, offering only broad and conclusory allegations lacking in particularized detail. *E.g.*, ¶¶ 82-89. The complaint therefore fails under Rule 9(b) as to each defendant. As with the other claims that are deficient under Rule 9(b), it is *possible* that the more detailed allegations contained in ¶¶ 20 through 27.18 could, if more clearly

21

connected to this claim, provide sufficient detail to satisfy Rule 9(b), so leave to amend should have been granted.

*Claim 8 – RICO and ORICO.* The complaint's RICO and ORICO allegations suffer from similar infirmities. A number of the most important allegations are broad and conclusory, lacking details particularized to each defendant. *E.g.*, ¶¶ 99.1, 100.1, 101.2, 101.5, 102, 103, 106.15, 106.16, 106.18, 106.19. Others allege facts based on information and belief without providing a basis for the belief (¶ 101.5). By contrast, the complaint includes minimally sufficient factual detail regarding Sopurkh (¶¶ 106.7, 106.8, 106.9) and against Lambert and SWW (¶¶ 105.1, 106.6, 106.10, 106.11). The RICO and ORICO claims therefore fail under Rule 9(b) as to each defendant other than Sopurkh, Lambert and SWW.

*Claim 9 – Legal Malpractice.* To the extent the legal malpractice claim is derivative, we affirm dismissal under Rule 23.1(a). To the extent the complaint alleges a direct claim, we affirm dismissal based on the plaintiffs' failure to allege an attorney-client relationship between themselves and Lambert and SWW. We therefore need not address the defendants' Rule 9(b) arguments.

*Claim 10 – Aiding and Abetting.* The aiding and abetting claim against Horowitz and Lane Powell includes some allegations that are too conclusory to

22

satisfy Rule 9(b). *E.g.*, ¶¶ 129, 130. The allegations in ¶ 131, however, are sufficiently detailed to satisfy the rule. The defendants' Rule 9(b) arguments regarding the aiding and abetting claim therefore fail.

## C. Disposition

In sum, we vacate dismissal of the plaintiffs' claims under the First Amendment for the reasons stated in our concurrently filed opinion. We affirm dismissal with prejudice of all derivative claims under Rule 23.1(a). With respect to the plaintiffs' direct claims, we further hold as follows:

The district court shall dismiss claim 3 (fraud) without prejudice against all defendants other than Sopurkh, Kartar, Lambert and SWW for failure to plead the circumstances of fraud with requisite particularity under Rule 9(b) or plausibility under Rule 8(a).

We affirm the dismissal with prejudice of claim 4 (negligent misrepresentation) as to Lane Powell and Horowitz based on the plaintiffs' failure to allege a duty. As to the remaining defendants, the district court shall dismiss the claim without prejudice for failure to plead the circumstances of fraud with requisite particularity under Rule 9(b).

The district court shall dismiss claim 5 (tortious interference) without prejudice against all defendants other than Sopurkh, Lambert and SWW for failure to plead the circumstances of fraud with particularity under Rule 9(b).

We affirm the dismissal with prejudice of claim 7 (unjust enrichment) against defendants Lambert, SWW, Horowitz and Lane Powell for failure to state a claim. The district court shall dismiss the claim without prejudice as to the remaining defendants for failure to plead the circumstances of fraud with particularity under Rule 9(b).

The district court shall dismiss claim 8 (RICO/ORICO) without prejudice against all defendants other than Sopurkh, Lambert and SWW for failure to plead the circumstances of fraud with particularity under Rule 9(b).

We affirm the dismissal with prejudice of claim 9 (legal malpractice) against Lambert and SWW for failure to allege an attorney-client relationship.

We vacate the dismissal of claim 10 (aiding and abetting). This claim minimally satisfies Rule 9(b).

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, VACATED IN PART AND REMANDED.**

24